**Hal Vernon PARFAIT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–00473–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 25, 2002.

Rehearing Overruled Sept. 13, 2002.

Lane Thibodeaux, Bryan, for Appellant.

Bill R. Turner, District Attorney, Douglas Howell, III, Assistant District Attorney, Bryan, for State.

Panel consists of Justices HEDGES, JENNINGS, and PRICE.*

## OPINION

ADELE HEDGES, Justice.

In a two-count indictment, appellant was charged with attempted aggravated sexual assault of a child and indecency with a child. An enhancement paragraph alleged a previous aggravated sexual assault conviction. A jury found appellant guilty of both counts. After finding the enhancement paragraph true, the trial court assessed punishment at life and a $10,000 fine for count one, and twenty years and a $10,000 fine for count two, to run consecutively. We affirm.

## Background

The complainant, a ten-year-old girl, walked into appellant's apartment to use the bathroom. She noticed that appellant was only wearing boxers, and that his "middle spot" was hanging out. As she walked to the bathroom, appellant grabbed

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at

her and pushed her onto the couch. She testified that he touched her middle spot and pushed his middle spot against her middle spot. While this happened, both the complainant and appellant had their clothes on.

In four points of error, appellant argues that: (1) there was legally and factually insufficient evidence to support his conviction for aggravated sexual assault of a child; (2) the trial court erred by overruling his *Batson* challenge; and (3) the trial court erred in ordering the two sentences to run consecutively.

## Consecutive Sentences

In his fourth point of error, appellant argues that the trial court erred in ordering appellant's sentences to be served consecutively. Specifically, appellant argues that section 3.03(b)(2)(A) of the Texas Penal Code does not apply to *attempt* offenses, as opposed to *completed* offenses, and the trial court erred by stacking his sentences.

The State argues that this point has been waived because appellant did not object to the trial court's order to cumulate the sentences. However, in *LaPorte v. State*, the court of criminal appeals held that "an improper cumulation order is, in essence, a void sentence, and such error cannot be waived." 840 S.W.2d 412, 415 (Tex.Crim.App.1992). Thus, we will review this point of error.

Penal Code section 3.03 provides:

(a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Ex-

Houston, participating by assignment.

cept as provided by Subsection (b), the sentences shall run concurrently.

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

(2) an offense;

(A) under Section 21.11 [1] .... 22.021 [2] committed against a victim younger than 17 years of age at the time of the commission of the offense ...

TEX. PEN.CODE ANN. § 3.03(a), (b)(2)(A) (Vernon Supp.2002).

■ Appellant's argument appears to be one of first impression in Texas. In interpreting a criminal statute, we seek to find the intent of the Legislature by focusing on the literal text of the statute in question. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Only if the language is ambiguous or would lead to absurd results may this court go beyond the plain meaning of the statute. *Id.*

The text of the statute provides that the punishments for certain offenses may be stacked. Included within the enumerated offenses are aggravated sexual assault and indecency with a child. The only question here is whether *attempted* aggravated sexual assault is included within aggravated sexual assault for purposes of section 3.03. In order to decide whether an attempt offense is included within section 3.03, we interpret the statute as a matter of law.

The statute provides that the sentences may run consecutively if a defendant is convicted of an offense *under* sections 21.11 (indecency with a child) and 22.021 (aggravated sexual assault). TEX. PEN. CODE ANN. § 3.03(a), (b)(2)(A). A fact finder's determination that a defendant is guilty of an attempted offense cannot be considered only under section 15.01.[3] The elements of the underlying penal code violation must also be considered. Therefore, the elements of section 22.021 must be considered in assessing whether a defendant is guilty of attempted aggravated sexual assault.

Here, the jury found that appellant committed attempted aggravated sexual assault. The primary distinction between attempted aggravated sexual assault and aggravated sexual assault is whether the defendant completed the offense. For a defendant to be found guilty of an attempted offense, the defendant must do something more than preparation, but less than completing the offense. Additionally, the factfinder would have to find that the defendant had the specific intent to commit the underlying offense. *See* TEX. PEN.CODE ANN. § 15.01. It is axiomatic that, when a defendant is found guilty of an attempted offense, he is found guilty not only under section 15.01, but also under the underlying penal code provision as well. Thus, if a defendant is found guilty of attempted aggravated sexual assault, his conviction is under both section 15.01 and section 22.021, one of the enumerated offenses in section 3.03. Therefore, the trial court had the discretion to cumulate appellant's sentences for his convictions of indecency

---

1. TEX. PEN.CODE ANN. § 21.11 (Indecency With a Child).

2. TEX. PEN.CODE ANN. § 22.021 (Aggravated Sexual Assault).

3. TEX. PEN.CODE ANN. § 15.01(d) (Vernon 1994) ("An offense under this section is one catego-ry lower than the offense attempted, and if the offense attempted is a state jail felony, the offense is a Class A misdemeanor."). This statute defines the "degree" of the offense, upon which punishment is based, not the conduct defined as criminal by the Legislature.

with a child and attempted aggravated sexual assault.

We overrule appellant's third point of error.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP. P. 47, and is thus ordered not published.

The judgment is affirmed.

### Conclusion

We affirm the judgment of the trial court.