Anthony **LEGGETT,** Appellant,

v.

The **STATE of Texas,** Appellee.

No. 01–02–00374–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 24, 2003.

John Richard Gaines, Huntsville, for Appellant.

David P. Weeks, Dist. Atty., Mark R. Maltsberger, Asst. Criminal Dist. Atty., Huntsville, for Appellee.

Panel consists of Justices HEDGES, JENNINGS, and ALCALA.

## OPINION

TERRY JENNINGS, Justice.

A trial court found appellant, Anthony Leggett, guilty of attempted aggravated sexual assault of a child and sentenced him to confinement for three years. In two points of error, appellant contends that the evidence is legally insufficient to support his conviction and that the trial court erred in ruling that, pursuant to TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g (Vernon Supp. 2003), community supervision is not available for the offense of attempted aggravated sexual assault. We affirm.

### Facts and Procedural Background

In two indictments, it was alleged that appellant committed two separate offenses of aggravated sexual assault against two children. The cases were consolidated by agreement, and appellant waived his right to trial by jury. After pleading not guilty in both cases, the trial court found appellant not guilty in one case and guilty of the lesser included offense of attempted aggravated assault of a child in this case.

The complainant's step-grandmother, Helen Teetz, testified that the complainant and his mother had lived with her since the complainant was 18 or 19 months old. She stated that, on November 19, 2000, the complainant came home from visiting appellant, his father, and he was crying and wanted a bath. After the complainant had taken a bath, he attempted to sit in Teetz's lap and told her, "Grandma, that hurts. I can't sit in your lap." Teetz asked the complainant why he hurt, and the complainant responded, "My daddy hurt me," and he pointed to his bottom. Teetz asked the complainant if appellant had spanked him, and he said, "No, daddy hurt me bad. He pocked [sic] and scratched me." Teetz testified that she looked at the complainant's bottom and "I could see that his rectum was really irritated and swollen." Teetz notified the police department and took the complainant to the emergency room of a hospital. The complainant was two years and 11 months old at the time of the outcry.

Dr. James Smith testified that, on November 19, 2000, he examined the complainant at the emergency room of Huntsville Memorial Hospital. Dr. Smith stated that the complainant told a nurse that, "[M]y dad hurt me. He put his finger in there and it hurt." Dr. Smith spoke with the complainant alone, and he "pointed to his rectum as best I can recall and said his dad hurt him." Dr. Smith physically examined the complainant, and he found no tears, abrasions, or contusions of the rectum. Dr. Smith further testified that even though he did not find any tears, a person "can obviously touch somebody in a unwanted way and not leave any mark but the child to me was aware that that was the place that he shouldn't be touched and he felt like he was hurt." Dr. Smith also stated his opinion that because there were no tears, there was no penetration.

The complainant testified, in pertinent part, during direct examination as follows:

[State]: The question was: Is it [appellant] who hurt your butt?

[Complainant]: Yes. That's what's on the video.

[State]: Is that what is true?

[Complainant]: Yes.

[State]: Can you tell the judge what he hurt your butt with?

[Complainant]: Nothing.

[State]: What did he do that hurt? What are you pointing at? You're pointing at [appellant], your dad, and now you're pointing at your butt. What did he hurt you with?

[Complainant]: Finger.

[State]: Show me or tell me because this lady has to put it down.

[Complainant]: Finger.

When the State asked the complainant "when your daddy hurt your butt with his finger, if this is his finger and this is you, was it outside or inside," the complainant answered, "Inside."

Appellant testified that on the day of the assault, he and the complainant had "played video games and we drew a little bit." Appellant stated that he did not remove the complainant's clothes to bathe him or clean him, the complainant was not in pain and made no complaints, and he did not touch the complainant improperly on his bottom. Appellant testified that he believed that the complainant was lying during his testimony. However, appellant further testified that the complainant "tells his stories," but for "the most part, he's usually truthful."

## Legal Sufficiency

In his first point of error, although appellant contends that "the evidence is insufficient" to support his conviction, the arguments in his brief reflect that appellant is challenging only the legal sufficiency of the evidence and not the factual sufficiency of the evidence.

We review the legal sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict to determine if any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). Although our analysis considers all evidence presented at trial, we may not reweigh the evidence and substitute our judgment for that of the fact finder. *Id.*

To obtain a conviction for aggravated sexual assault of a child, the State had to prove that appellant intentionally or knowingly caused the penetration of the complainant's anus, without his consent. TEX. PEN.CODE ANN. § 22.021(a)(1)(B)(i) (Vernon 2003).

Criminal attempt occurs when a person, with specific intent to commit an offense, does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *Id.* § 15.01(a) (Vernon 2003). Moreover, if a person attempts an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an element that aggravates the offense accompanies the attempt. *Id.* at § 15.01(b) (Vernon 2003).

Appellant contends that the trial court had to find some evidence that, if he is guilty, he is guilty of "only" the lesser offense of attempted aggravated sexual assault. Appellant argues that there was no evidence that he had the specific intent to penetrate the complaint's anus or did an act that amounted to more than mere preparation.

In a bench trial, the trial court is authorized to find a defendant guilty of

*any* lesser offense for which the State provides the required proof. *Shute v. State,* 877 S.W.2d 314, 315 (Tex.Crim.App. 1994). Attempted aggravated sexual assault of a child is a lesser included offense of aggravated sexual assault of a child.

▊ Here, the record reflects that the complainant told Teetz that appellant had hurt him by poking and scratching his bottom. Moreover, the complainant told Dr. Smith that appellant "had touched him, pointing to his rectal area, and hurt him with his finger." During the trial, the complainant pointed at appellant and then pointed to his rectum, and testified that appellant hurt him with his "finger." Moreover, the complainant testified that when appellant hurt the complainant's bottom, appellant's finger was "inside him." We note that the testimony of a victim standing alone, even when the victim is a child, is sufficient to support a conviction for sexual assault. *Ruiz v. State,* 891 S.W.2d 302, 304 (Tex.App.-San Antonio 1994, pet. ref'd).

We hold that the evidence presented in this case was legally sufficient to entitle a rational fact finder to find that appellant committed attempted aggravated sexual assault of a child.

We overrule appellant's first point of error.

## Community Supervision

▊ In his second point of error, appellant contends that the trial court erred in ruling that it was precluded from placing appellant on community supervision because appellant was convicted of attempted aggravated sexual assault. A judge, in the best interest of justice, the public, and a defendant, after conviction may suspend the imposition of sentence and place a defendant on community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 3(a). However, the provisions of section 3 do not apply to a defendant adjudged guilty of an offense "under" section 22.021 of the Penal Code (aggravated sexual assault). *Id.* at § 3g(a)(1)(E).

Appellant contends that because "the Legislature did not include" attempted aggravated sexual assault in section 3g, this court must find that the court erred when it overruled his motion to find that attempted aggravated sexual assault is "not a 3g offense."

This Court has recently noted that "[i]t is axiomatic that, when a defendant is found guilty of an attempted offense, he is found guilty not only *under* section 15.01 [criminal attempt], but also *under* the underlying penal code provision as well." *Parfait v. State,* 85 S.W.3d 829, 831 (Tex. App.-Houston [1st Dist.] 2002, pet. granted) (emphasis added). In *Parfait,* the defendant argued that the trial court erred in ordering consecutive sentences because he was sentenced to *attempted* aggravated sexual assault, as opposed to a *completed* offense, under section 3.03(b)(2)(A) of the Penal Code. *Id.* at 830. *See* Tex. Pen.Code Ann. § 3.03(b)(2)(A) (Vernon 2003) (providing that sentences may run consecutively if defendant is convicted of aggravated sexual assault of victim younger than 17 years of age). We concluded that "if a defendant is found guilty of attempted aggravated sexual assault, his conviction is *under* both section 15.01 and section 22.021" of the Penal Code. *Parfait,* 85 S.W.3d at 831 (emphasis added). Thus, this Court held in *Parfait* that the trial court did not err in ordering the defendant's sentences to run consecutively. *Id.* at 831–32.

Here, the trial court, as the fact finder, determined appellant's guilt *under* both section 15.01 and section 22.021 of the Penal Code. Section 22.021 is one of the enumerated offenses under article 42.12, section 3g of the Code of Criminal Proce-

dure. Thus, we hold that the trial court did not err in ruling that it was precluded from placing appellant on community supervision.

We overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court.