IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1786-02






HAL VERNON PARFAIT, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


BRAZOS COUNTY






 Keasler, J., delivered the opinion of the Court.


O P I N I O N 



 Hal Vernon Parfait was convicted of indecency with a child by exposure and attempted
aggravated sexual assault of a child. The trial court ordered his sentences to run consecutively
under section 3.03(b)(2)(A) of the Penal Code. (1) The Court of Appeals affirmed. (2) We granted
review to determine whether the Court of Appeals erred in interpreting section 3.03(b)(2)(A)
as including attempted offenses. We conclude that it did. 

Facts

 The complainant, H. D., a ten-year old girl, lived next door to Parfait in an apartment
complex. Her aunt lived with Parfait. H. D. went to Parfait's apartment to use the bathroom
because her brother was in the shower. She testified that when she went into Parfait's
apartment, the television had people with no clothes on. Parfait wore only his boxers, open in
the middle with "his middle spot hanging out." Her aunt was not there. When she came out of
the bathroom, Parfait grabbed her, pushed her on to the couch, and touched her "middle spot"
-- the place where she goes to the bathroom. Then he pushed his "middle spot" against her
"middle spot." They both had their clothes on when this occurred. H. D. asked Parfait to let
her go, and when he failed to do so, she slipped through his arms and ran home. H. D. told her
brother what happened immediately and told her mother when her mother got home.

Procedural History


 A jury convicted Parfait of indecency with a child by exposure and attempted aggravated
sexual assault of a child. The trial court imposed a life sentence and a $10,000 fine for the
attempted sexual assault conviction and twenty years and a $10,000 fine for the indecency with
a child conviction. The trial judge ordered the sentences to run consecutively pursuant to
section 3.03(b)(2)(A) of the Penal Code. (3) This section provides that sentences may run
concurrently or consecutively for convictions of more than one offense arising out of the
same criminal episode if the conviction is for an offense "under Section 21.11 [indecency with
a child], 22.011 [sexual assault], 22.021 [aggravated sexual assault], 25.02 [prohibited sexual
conduct], or 43.25 [sexual performance by a child] committed against a victim younger than
17 years of age . . . ." (4) 

 On appeal, Parfait asserted that the trial court erred in ordering his sentences to run
consecutively because section 3.03(b)(2)(A) does not specifically enumerate attempt
offenses. The First Court of Appeals in Houston affirmed his conviction. (5) It found that when
a defendant is convicted of an attempted offense, he is guilty not only under section 15.01 but
the underlying penal code provision as well. (6) Therefore, it concluded that the trial court did
not err in cumulating Parfait's sentences. (7)

Analysis

 We ordinarily give effect to the plain meaning of the text of a statute. (8) "Where the
statute is clear and unambiguous, the Legislature must be understood to mean what it has
expressed, and it is not for the courts to add or subtract from such a statute." (9) However, "[i]f
the plain language of the statute would lead to absurd results, or if the language is not plain but
rather ambiguous, then and only then, out of absolute necessity, is it constitutionally
permissible for a court to consider . . . such extratextual factors as executive or administrative
interpretations of the statute or legislative history." (10)

 Here, the statute is unambiguous, so we must give effect to its plain meaning. Parfait
was convicted of indecency with a child by exposure and attempted aggravated sexual assault
of a child. The statute authorizes sentences to run consecutively for more than one conviction
arising out of the same criminal episode if the conviction is for an offense under certain
sections of the Penal Code, including sections 21.11 and 22.021. (11) Section 15.01 of the Penal
Code governs attempted offenses. (12) But, section 3.03(b)(2)(A) does not include section 15.01
in the list of offenses for which sentences may run consecutively. (13) If our Legislature had
intended for the statute to include attempted offenses, it could have easily added the words "or
a conviction for an attempted offense of these penal code provisions under section 15.01." 
But, it did not do so, and it is not for us to add or subtract to that which the Legislature has
expressed. (14)

 The Court of Appeals based its holding on the premise that a conviction for an
attempted offense is a conviction of the underlying penal code provision as well. (15) However,
section 15.01 distinguishes attempted offenses from completed offenses under other sections
of the Penal Code by stating that "[a] person commits an offense if, with specific intent to
commit an offense, he does an act amounting to more than mere preparation that tends but fails
to effect the commission of the offense intended." (16) And, as we have noted before, the essence
of attempt is that the offense attempted need not be proved. (17) Additionally, under section
15.01 attempted offenses receive a different punishment than those for offenses under other
sections of the penal code--"one category lower than the offense attempted." (18) We conclude
that if a person is found guilty of an attempted offense, his conviction is not under both section
15.01 and the underlying penal code provision, and so section 3.03(b)(2)(A) does not include
attempted offenses.

 The State contends that the purpose of section 3.03(b)(2)(A) is to protect the innocent
from child rapists, and "it is clearly reasonable to interpret Tex. Penal Code §3.03(b)(2)(A)
to include offenses where the defendant had the specific intent to sexually assault a child, acted
on his intent, but failed." We agree that it may have been the Legislature's intent to protect the
innocent, but "the Legislature must be understood to mean what it has expressed . . . ." (19) Surely
the Legislature intended to protect the innocent in enacting the sex offender registration
program, but it specifically included attempted sexual offenses as reportable convictions or
adjudications in the sex offender registration statute. (20) We find that because the plain language
of section 3.03(b)(2)(A) fails to enumerate section 15.01, it excludes attempted offenses.

 Furthermore, applying the plain language of the statute does not lead to absurd results. 
"[W]here application of a statute's plain language would lead to absurd consequences that the
Legislature could not possibly have intended, we should not apply the language literally." (21) It
is not absurd to require a trial court to run sentences for criminal attempt offenses
concurrently with sentences for completed offenses listed in section 3.03(b)(2)(A) while
giving the trial court discretion to run sentences consecutively for more than one conviction
of a completed offense listed in that section. And, as Parfait points out, "it is conceivable that
the legislature sought to distinguish between completed offenses and attempts" by carving out
an exception to the general requirement that sentences for convictions arising out of the same
criminal episode run concurrently. It is possible that the Legislature intended to exclude
criminal attempts within the statute's purview. We hold that the plain language of section
3.03(b)(2)(A) unambiguously excludes attempted offenses, and "a literal application of its
plain language does not lead to absurd consequences." (22)

Conclusion

 We conclude that the Court of Appeals erred in ruling that the trial court had discretion
to cumulate Parfait's sentences. The judgment is reversed and remanded to the Court of
Appeals for proceedings consistent with this opinion.


DATE DELIVERED: NOVEMBER 12, 2003

PUBLISH
1. Tex. Pen. Code Ann. § 3.03(b)(2)(A) (Vernon 2003).
2. Parfait v. State, 85 S.W.3d 829, 831(Tex. App.--Houston [1st Dist.] 2003).
3. Tex. Pen. Code Ann. § 3.03(b)(2)(A).
4. Id. 
5. Parfait, 85 S.W.3d at 831.
6. Id. at 830.
7. Id. at 831.
8. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).
9. Id. (citations omitted).
10. Id. (alteration in original).
11. Tex. Pen. Code Ann. § 3.03(b)(2)(A).
12. Tex. Pen. Code Ann. § 15.01 (Vernon 2003).
13. Tex. Pen. Code Ann. § 3.03(b)(2)(A).
14. Boykin, 818 S.W.2d at 785.
15. Parfait, 85 S.W.3d at 830.
16. Tex. Pen. Code Ann. § 15.01(a).
17. Jones v. State, 576 S.W.2d 393, 395 (Tex. Crim. App. 1979).
18. Tex. Pen. Code Ann. §15.01(d).
19. Boykin, 818 S.W.2d at 785 (citations omitted).
20. Tex. Code Crim. Proc. Ann. art. 62.01(5)(G) (Vernon 2003).
21. Boykin, 818 S.W.2d at 785.
22. Id. at 786.