Opinion issued January 29, 2004







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00473-CR




HAL VERNON PARFAIT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court Cause No. 28,316-272





MEMORANDUM OPINION ON REMAND
          A jury convicted appellant, Hal Vernon Parfait, of attempted aggravated sexual
assault of a child and of indecency with a child by exposure. The trial court imposed
a life sentence and a $10,000 fine for the attempted sexual assault conviction and 20
years and a $10,000 fine for the indecency with a child conviction. The court ordered
the sentences to run consecutively under section 3.03(b)(2)(A) of the Penal Code. 
Tex. Pen. Code Ann. § 3.03(b)(2)(A) (Vernon Supp. 2004). Section 3.03(b)(2)(A)
provides that a trial judge may assess sentences to run consecutively for convictions
of more than one offense arising out of the same criminal episode when the
conviction is for an offense “under Section 21.11 [indecency with a child], 22 .011
[sexual assault], 22.021 [aggravated sexual assault], 25.02 [prohibited sexual
conduct], or 43.25 [sexual performance by a child] committed against a victim
younger than 17 years of age.” Id.
          On appeal, Parfait asserts that the trial court erred in ordering his sentences to
run consecutively because section 3.03(b)(2)(A) does not include “attempt” offenses. 
A panel of this court affirmed the trial court’s judgment, holding that the trial court
did not err in cumulating appellant’s sentences. Parfait v. State, 85 S.W.3d 829, 831
(Tex. App.—Houston [1st Dist.] 2003), rev’d, No. 1786-02, slip op. at 7 (Tex. Crim.
App. Nov. 12, 2003). 
          The Court of Criminal Appeals reversed and remanded, holding that section
3.03(b)(2)(A) does not include attempted offenses. Parfait, No. 1786-02, slip op. at
1-2. The court held that “if a person is found guilty of an attempted offense, his
conviction is not under both section 15.01


 and the underlying penal code provision,
and so section 3.03(b)(2)(A) does not include attempted offenses.” Id. at 5. The
plain language of section 3.03(b)(2)(A) fails to enumerate section 15.01, and
therefore it excludes attempted offenses. Id. at 6. The two sentences in this case must
therefore run concurrently. We hold that the trial court erred in ordering appellant’s
sentences to run consecutively. 
          On remand to this court, Parfait filed a motion for leave to file a supplemental
memorandum of law. Parfait’s motion is granted. In his supplemental brief, he
contends that we should reverse and remand for a new punishment hearing rather than
reform and affirm because the trial court possibly could have assessed a more severe
punishment if it had realized it could not cumulate the sentences. This contention
overlooks the fact that the trial court already has assessed the maximum sentence for
both counts. 
Conclusion
          The judgment for count two, indecency with a child, states, “It is the Order of
this Court that this sentence run consecutive to the sentence in Cause No. 27,316
Count One.” Based on the Court of Criminal Appeals’s instructions, we reform the
judgment for count two to state, “It is the Order of this Court that this sentence run
concurrent to the sentence in Cause No. 27,316 Count One.” As reformed, we affirm
the judgment for count two. The judgment for count one, attempted aggravated
sexual assault of a child, is affirmed. 
          Parfait’s motion for leave to file a supplemental memorandum of law on
remand is granted. Any other pending motions are denied as moot. 
 
                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).