Opinion issued April 1, 2004











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01109-CR




DEMETRIUS SHERMAN JOSEPH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 869469




MEMORANDUM OPINION

          A jury found appellant, Demetrius Sherman Joseph, guilty of aggravated sexual
assault of a child and assessed punishment at confinement for life. In six points of
error, appellant contends that (1) the evidence is factually insufficient to support his
conviction, (2) the trial court erred in admitting evidence of extraneous offenses, (3)
appellant was denied effective assistance of counsel, and (4) the trial court erred in
admitting hearsay evidence. We affirm.
Background
          At trial, the complainant testified that, between the ages of four and fourteen,
appellant, her stepfather, repeatedly sexually abused her. She testified that appellant
touched her vagina with his penis when she was four years old and again when she
was ten years old. She also testified that she was frightened and did not report the
incidents to anyone because appellant threatened to kill her. Still, she testified that,
when she was approximately 10 or 11 years old, she told a social worker who had
been called in because the complainant had been left alone in a motel with her
younger siblings. As a result, appellant was jailed. The complainant testified that she
later recanted because she was concerned that her siblings would grow up without a
father and because she believed that appellant being jailed would deter any further
abuse. Subsequently, appellant was released from jail.
          The complainant testified that, when she was 13 years old, the family moved
to Houston, living in several different motels and shelters in the area. She testified
that, on one occasion, when the complainant was 13 years old, appellant put a knife
to her throat, threatened to kill her if she screamed, and penetrated her vagina with
his penis. She testified that she was in pain, cried, and asked him to stop, but he
refused. She further testified that she was scared to report the sexual abuse because
appellant had physically abused her. The complainant related several other instances
of sexual abuse by appellant while the family lived in Houston. After at least two
incidents of sexual assault by appellant, the complainant again described experiencing
pain during urination. 
          The complainant testified that, on the day appellant was arrested, he hit her in
the head with a broom, initiating a physical fight between appellant and the
complainant’s mother. The complainant testified that she and her mother ran out of
the house, but that appellant followed her and dragged her back into the house. She
testified that appellant threatened to kill her if the police arrived and that he punched
her in the face. She further testified that appellant ordered her to pull down her pants,
at which time she fled the house again, screaming “Rape, rape. Help me. Help me.” 
The complainant testified that she made it to the corner store, where Monique
Howard protected her until police arrived and arrested appellant. Further, the
complainant testified that she saw appellant sitting in the police car, calmly looking
at her. 
          The State offered the testimony of Monique Howard, an eyewitness to
appellant’s physical assault of the complainant, which culminated in appellant’s
arrest. Howard testified that she saw the complainant run out of her house, followed
by appellant. She also observed appellant pull the complainant and violently hit her
with his fist. Howard explained that she ran to the complainant and pulled her away
and that appellant ran toward his house, reached underneath it, and placed something
she believed was a gun in his pants.


 Appellant walked toward her, but he ran away
when the police arrived. Howard subsequently saw appellant in the police car,
kicking and knocking on the window. She perceived the complainant to be hysterical
and screaming at that time. 
          After appellant’s arrest, the complainant and her family lived with a fellow
church member, Rose Hawkins. The complainant told Hawkins’s daughter about
appellant’s abuse and Hawkins’s daughter called Child Protective Services. The
complainant testified that she finally reported the abuse while appellant was in jail
because she did not want the abuse to begin again after appellant was released. 
          The State offered the testimony of Dr. Margaret McNeese, a professor of
pediatrics at the University of Texas Medical School. Dr. McNeese testified that the
medical school runs the clinic at the Children’s Assessment Center (CAC), an entity
dedicated to taking care of children with allegations of sexual abuse. Dr. McNeese
testified that the complainant underwent a sexual abuse examination at CAC in
January 2001. The complainant was 14 years old at the time of the examination. The
complainant’s examination was performed and documented by Dr. Rebecca Girardet,
a pediatrician. In conjunction with Dr. McNeese’s testimony, the State offered the
complainant’s medical records with respect to the complainant’s sexual abuse
examination.
          Dr. McNeese testified that, during her exam, the complainant reported
experiencing occasional abdominal and pelvic pain, and nightmares and sleeping
problems related to appellant’s abuse. The complainant reported that between the
ages of 10 to 14, appellant touched her in a way she did not like on 16 occasions. 
Specifically, the complainant reported that appellant 1) touched her with his finger
and his penis while her clothes were removed, 2) put his penis inside her vagina, and
3) placed his saliva and grease on her vagina. The complainant reported that it hurt
when appellant sexually assaulted her and that she bled from her vagina as a result
of one of appellant’s sexual assaults. 
          Dr. McNeese testified that the physical examination revealed that the
complainant had a vaginal discharge. The examination revealed that the complainant
had Trichomonas, a sexually transmitted disease that, in women, causes discharge,
a burning sensation, and abdominal pain. The complainant also had bacterial
vaginosis, another disease that often accompanies sexually-transmitted diseases,
leading Dr. McNeese to conclude that a sexual organ caused the damage to the
complainant. Finally, Dr. McNeese testified that the complainant’s injuries were
consistent with repeated penetrating vaginal trauma. 
Discussion
          Appellant was charged with aggravated sexual assault of a child, as defined by
the Texas Penal Code, which provides, in pertinent part, that an offense occurs when
an accused intentionally or knowingly causes the penetration of the anus or sexual
organ of a child by any means; and if the victim is younger than 14 years of age. Tex.
Pen. Code Ann. § 22.021(a)(1)(B)(I), (a)(2)(B) (Vernon 2003).
Factual Sufficiency
          In his first point of error, appellant contends that the evidence is factually
insufficient to support his conviction. Specifically, appellant asserts that the record
reveals “a great deal of contrary proof that undermines the verdict.” 
          In reviewing factual sufficiency, we examine all the evidence neutrally and ask
whether proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). When conducting our analysis, if there is probative evidence supporting the
verdict, we must avoid substituting our judgment for that of the trier of fact, even
when we disagree with the determination. Id. at 7-9. The trier of fact is the sole
judge of the weight and credibility of the witness’s testimony. Id. at 7. Thus, the
weight to be given contradictory testimony is within the sole province of the jury. 
Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 1981); Sandoval v. State, 52 S.W.3d
851, 855 (Tex. App.—Houston [1st Dist.], 2001 pet. ref’d). 
          In making his factual-sufficiency challenge, appellant points out the absence
of the following: 1) an eyewitnesses to any of the alleged sexual assaults by appellant;
2) any physical evidence, such as DNA, blood, or hair, connecting appellant with the
offense; 3) any testimony by the complainant’s mother; and 4) any testimony by any
potential outcry witnesses. Appellant also contends that the record reveals a veritable
plethora of contrary proof that undermines the jury’s verdict, including that the
complainant 1) testified that she never told her mother about the sexual abuse; 2) was
unable to recall whether she or appellant were dressed or not during the first alleged
incident of sexual abuse, which occurred when she was four years old; 3) admitted
that her mother was involved in prostitution and narcotic usage; 4) had “no recall of
any events in her life between the ages of four and ten”; 5) testified that she had been
in the seventh grade, but was “going for her G.E.D.”; 6) admitted that she lied
concerning appellant’s prior incarceration resulting from her allegation that he
sexually assaulted her; 7) admitted that she hated appellant, and that she blamed him
for the numerous relocations made by the family; 8) stated that she did not like having
the responsibility of raising six children at the age of fourteen; 9) admitted that she
had enjoyed being an only child; 10) testified that she did not like that appellant made
her clean the house, would not allow her to go to church, and never bought her
Christmas presents; 11) blamed appellant for her mother’s narcotics usage and wanted
her mother to divorce appellant; 12) testified that she was always mad at appellant
and would do anything to get him out of the house; 13) acknowledged that the
removal of the children from the home had nothing to do with appellant; 14) admitted
that she did not go to school because of a “problem with [the] paperwork, not because
appellant prevented her from doing so”; and 15) acknowledged that her direct
testimony that appellant had beaten her when she was 11 was “an impossibility”
because appellant was incarcerated during that time period. 
          Appellant argues that the above “contrary proof” greatly outweighs the proof
of guilt, or, alternatively, that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s verdict. Nevertheless, appellant admits that “[w]hen taken
alone, the testimony of the [c]omplainant might be viewed as adequate because she
offered evidence that touched upon the various elements contained in the indictment.” 
First, we point out that the absence of evidence in the form of eyewitness testimony
about any incidents of sexual assault by appellant, any DNA evidence connecting
appellant with the offense, or testimony by complainant’s mother or any potential
outcry witnesses is not, itself, “contrary proof” of appellant’s innocence. 
Furthermore, we note that state law provides that the testimony of a victim standing
alone, even when the victim is a child, is sufficient to support a conviction for sexual
assault. Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon Supp. 2003); Leggett v.
State, 110 S.W.3d 142, 145 (Tex. App.—Houston [1st Dist] 2003, pet. filed) (citing
Ruiz v. State, 891 S.W.2d 302, 304 (Tex. App.—San Antonio 1994, pet. ref’d)). 
          Second, although appellant directs our attention to portions of the
complainant’s testimony that may suggest that the complainant harbored some bias
against appellant, or that may cast doubt on her credibility, we are mindful that the
jury is the sole judge of the weight and credibility of the witness’s testimony. 
Johnson, 23 S.W.3d at 7. We defer to the jury’s determinations, particularly those
that concern the weight and credibility of the evidence. Id. at 8-9. In this case, the
jury weighed the credibility of the witnesses and judged the evidence as they saw fit. 
Id. We conclude that the evidence that appellant sexually assaulted the complainant
by penetrating her vagina, on at least one occasion when she was younger than 14
years of age, was not so weak as to undermine confidence in the jury’s decision. 
Accordingly, we overrule appellant’s first point of error. 
Extraneous Offense Evidence
          In his second point of error, appellant contends that the trial court erred in
admitting evidence of extraneous offenses during the guilt/innocence stage of the
trial. Specifically, appellant complains that testimony by the complainant and an
eyewitness, Monique Howard, concerning appellant’s physical abuse of the
complainant, was inadmissible under Rule 403


 because the prejudicial value of the
evidence substantially outweighed any probative value. 
          We review a trial court’s decision to admit or exclude evidence under an abuse-of-discretion standard; we will thus not reverse a trial court’s ruling unless that ruling
falls outside the zone of reasonable disagreement. Torres v. State, 71 S.W.3d 758,
760 (Tex. Crim. App. 2002); Roberts v. State, 29 S.W.3d 596, 600 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d).
          Applicable to the underlying case,


 article 38.37 of the Code of Criminal
Procedure provides: 
Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Criminal
Evidence, evidence of other crimes, wrongs, or acts committed by the
defendant against the child who is the victim of the alleged offense shall
be admitted for its bearing on relevant matters, including:
(1) the state of mind of the defendant and the child; and
(2) the previous and subsequent relationship between the
defendant and the child.
 
Sec. 3. On timely request by the defendant, the state shall give the
defendant notice of the state’s intent to introduce in the case in chief
evidence described by Section 2 in the same manner as the state is
required to give notice under Rule 404(b), Texas Rules of Criminal
Evidence.
 
Sec. 4. This article does not limit the admissibility of evidence of
extraneous crimes, wrongs, or acts under any other applicable law.

(Emphasis added) Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon 2003).
          During cross-examination of the complainant, appellant’s trial counsel
questioned her about reasons she did not “like” appellant. In doing so, he elicited
testimony by the complainant that appellant had physically abused her. Appellant’s
trial counsel then characterized the physical abuse as “discipline,” insinuating that the
complainant “did not like that, did you?” Subsequently, appellant’s trial counsel
repetitiously questioned the complainant about why she did not sooner report the
sexual abuse by appellant and why she failed to gather physical evidence of the
assaults. In response, the complainant repeated that she was scared. The complainant
further testified that appellant had threatened her.
          When the proceeding resumed, the State argued that appellant had “opened the
door” to physical-abuse evidence when appellant’s trial counsel elicited testimony by
the complainant that she was afraid of appellant and then characterized the physical
abuse as discipline. Thus, the prosecutor requested that the trial court admit into
evidence testimony by the complainant and another eyewitness [Howard] concerning
an incident of physical assault committed by appellant against the complainant on the
day of his arrest.


 Appellant’s trial counsel argued that the physical assault incident
was an extraneous offense and that it was irrelevant to the underlying charge of
aggravated sexual assault. In rebuttal, the prosecutor asserted that the physical abuse
evidence was admissible under article 38.37, in order to explain why a child-sexual-abuse victim might delay in telling someone about the charged offense. Thereafter,
the trial court ruled that the physical-assault evidence was admissible under article
38.37 to show the previous and subsequent relationship between appellant and the
complainant. 
          Subsequently, the complainant testified that appellant physically assaulted her
and her mother on the day of his arrest. Howard, an eyewitness to much of the
incident, testified that she saw the complainant run out of her house, screaming that
someone was trying to rape her. Appellant’s trial counsel objected, arguing that
Howard would merely be “parroting” the complainant’s testimony about the physical
assault, and thus, that her testimony would, in effect, place appellant on trial for an
offense other than the one charged in the underlying case. After a bench conference,
the trial court overruled appellant’s objection, and Howard proceeded to testify that
she saw appellant run after the complainant and violently hit her with his fist.           On appeal, appellant contends that the physical-assault evidence was
inadmissible under rule 403, because its prejudicial effect significantly outweighed
any probative value. Specifically, appellant alleges that the testimony of the
complainant and Howard with respect to the physical assault was offered solely for
the purpose of prejudicing the jury. Appellant does not, however, dispute that the
trial court properly admitted the physical-assault evidence under article 38.37. 
          When evidence of a defendant’s extraneous acts is relevant under article 38.37,
the trial court is still required to conduct a rule 403 balancing test upon a proper
objection or request. Hitt v. State, 53 S.W.3d 697, 706 (Tex. App.—Austin, 2001,
pet. ref’d) (citations omitted); Howland v. State, 966 S.W.2d 98, 103 (Tex.
App.—Houston [1st Dist.] 1998), aff’d on other grounds, 990 S.W.2d 274 (Tex.
Crim. App. 1999). Here, however, appellant failed to make a proper rule 403
objection. Santellan v. State, 939 S.W.2d 155, 169-70 (Tex. Crim. App. 1997)
(discussing Montgomery v. State, 810 S.W.2d 372, 388-90 (Tex. Crim. App. 1990)). 
Initially, appellant objected to the physical assault evidence on the grounds that it was
an extraneous offense, and, that it was irrelevant. Later, appellant objected to
Howard’s testimony concerning the physical assault on the grounds that her testimony
would serve to place appellant on trial for the physical assault, i.e. “in effect trying
another case.” Neither objection invoked rule 403 nor complained of any prejudicial
value.
          Once the trial court determined that the physical-assault evidence was
admissible under article 38.37, it was incumbent upon appellant to ask the trial court
to exclude the evidence by its authority under rule 403, on the ground that the
probative value of the evidence, assuming it is relevant under article 38.37, is
nevertheless substantially outweighed by the danger of unfair prejudice. 
Montgomery, 810 S.W.2d at 389; Howland, 966 S.W.2d at 103. Because he did not,
appellant has preserved nothing for appellate review on this point. Tex. R. App. P.
33.1(a). Moreover, had he objected, we presume from the record that the trial court
conducted the balancing test and found the evidence more probative than prejudicial. 
Howland, 966 S.W.2d at 103. Accordingly, we overrule appellant’s second point of
error. 
Ineffective Assistance of Counsel
          In his third and fourth points of error, appellant contends that he was denied
effective assistance of counsel guaranteed by the Sixth Amendment to the United
States Constitution and article I, section 10 of the Texas Constitution.



          To prove ineffective assistance, a defendant must show, by a preponderance of
the evidence, that (1) counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment, and (2) there is a
reasonable probability that, but for counsel’s error or omission, the result of the
proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 2064-69 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999). The defendant must overcome the strong presumption that the
challenged action might have been sound trial strategy. Thompson, 9 S.W.3d at 813. 
We will not speculate to find trial counsel ineffective when the record is silent as to
counsel’s reasoning or strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Accordingly, assertions of ineffective
assistance of counsel must be firmly founded in the record. Bone v. State, 77 S.W.3d
828, 835 (Tex. Crim. App. 2002). 
          Appellant asserts that his trial counsel failed to provide effective assistance of
counsel because:
1)      Counsel did not request article 38. 37 notice of extraneous offenses.
 
2)      In five instances, counsel did not object when the complainant testified about
alleged extraneous offense conduct by appellant. 
 
3)      In three instances, counsel raised evidentiary objections and obtained a
favorable ruling from the trial court, but failed to move for an instruction to
disregard the evidence.
 
4)      In three instances, counsel raised objections to evidence or argument, obtained
a favorable ruling from the trial court, requested and received an instruction to
disregard the evidence or argument, but failed to move for a mistrial. 
 
5)      Counsel did not make a motion for an instructed verdict of not guilty at the
close of the State’s case.
 
6)      Counsel did not request a jury instruction for a lesser included offense.
 
7)      Counsel did not challenge the sufficiency of the State’s evidence in support of
the deadly weapon paragraph contained in the indictment. 
 
8)      Counsel objected to the prosecutor’s argument bolstering the testimony of the
complainant by alluding to a videotape of the complainant that was not
admitted into evidence. 

          First, we note that although appellant complains that his trial counsel did not
request notice of extraneous offenses under article 38.37, he presents no evidence that
his trial counsel did not have notice of the extraneous offenses introduced into
evidence by the State. The record shows that the State provided such notice. Thus,
with respect to article 38.37 notice of extraneous offenses, we conclude that appellant
has not shown that his trial counsel erred, or that, assuming arguendo that any error
existed, that the result of the proceedings would have been different. 
          Second, appellant complains of several instances wherein his trial counsel did
not raise objections, or did so, but failed to move for an instruction to disregard, or,
did so, but failed to move for a mistrial. Because there was no motion for new trial
hearing in this case, the record is silent as to why appellant’s trial counsel failed to
object, move for an instruction to disregard, or move for a mistrial in the complained-
of circumstances. To find that appellant’s trial counsel was ineffective based on any
of the asserted grounds would call for speculation, which we will not do. Gamble,
916 S.W.2d at 93. 
          Appellant complains that his trial counsel did not move for an instructed
verdict. Therefore, appellant must overcome the strong presumption that, under the
circumstances, the challenged action might have been sound trial strategy. Id. Here,
the record is silent as to his trial counsel’s reasoning or strategy for not moving for
an instructed verdict. Accordingly, we will not speculate to find trial counsel
ineffective on these grounds. Id. 
          However, assuming arguendo that failing to move for an instructed verdict
under these circumstances constituted deficient performance, appellant has not
demonstrated that, but for counsel’s error, the result of the proceeding would have
been different. We note that appellant has not challenged the legal sufficiency of the
evidence. On the contrary, as discussed above, appellant admits that “[w]hen taken
alone, the testimony of the [c]omplainant might be viewed as adequate because she
offered evidence that touched upon the various elements contained in the indictment.”
Thus, we conclude that appellant has not demonstrated a reasonable probability that,
but for his counsel’s alleged error, the trial court would have taken the case away
from the jury and granted a motion for instructed verdict. 
          Appellant also complains that his trial counsel did not request a jury instruction
for a lesser-included offense. The record reveals that, in appellant’s presence, 
appellant’s trial counsel stated that:
I did speak with [appellant], he as well as [prosecutor], and I do not feel
that there was a lesser included that would be applicable in this type of
case in particular, because, as the Court is aware, this is as much of a
statutory crime as anything else because of the age requirement issue. 
I did explain to [appellant] what a lesser included meant and why I felt
I would not be requesting an additional charge on a lesser included. 

Thus, in this instance, the record is sufficient to show the strategic decision making
of appellant’s trial counsel with respect to the challenged action. On these facts, we
conclude that counsel’s decision not to request a lesser-included offense instruction
was not so deficient or so lacking in tactical or strategical decision making as to
overcome the presumption that counsel’s performance was reasonable and
professional. Bone, 77 S.W.3d at 833. Moreover, even if counsel’s performance was
deficient, appellant presents no evidence that, but for counsel’s omission, the result
of the proceeding would have been different. Strickland, 466 U.S. at 687. 
          Next, appellant complains that his trial counsel did not challenge the
sufficiency of the State’s evidence in support of the deadly weapon paragraph
contained in the indictment. However, appellant acknowledges that the trial court,
sua sponte, removed the deadly weapon paragraph from the jury’s consideration. 
Thus, even if the challenged action were error, appellant has, in effect, admitted that
the alleged error could not have prejudiced his defense because the jury never
considered the indictment’s deadly weapon paragraph. 
          Finally, appellant complains that his trial counsel “objected to the prosecutor’s
argument bolstering the testimony of the complainant by alluding to a video-tape of
the complainant that was not admitted into evidence.” Appellant refers to the State’s
closing argument, wherein the prosecutor remarked: “you better believe that there was
nothing that came out on the witness stand out of [the complainant’s] mouth that was
different than the video or you would know about it. She has been consistent on all
of these details.” Appellant complains that his trial counsel objected on the grounds
that “there’s no evidence of that.” The trial court sustained the objection. Thus, we
are unable to ascertain any reasonable justification for appellant’s appellate
complaint, and note that the record is silent as to counsel’s reasons or strategy, and,
again, that appellant presents no evidence that, but for the challenged action, the
results of the proceeding would have been different. Gamble, 916 S.W.2d at 93. 
Viewing the record as a whole, we conclude that appellant has not overcome the
presumption that his trial counsel made all significant decisions in the exercise of
reasonable professional judgment. Id. Accordingly, we overrule appellant’s third and
fourth points of error.
Rule 803(4) Exception to Hearsay
          In his fifth and sixth points of error, appellant contends that the trial court erred
in admitting hearsay testimony of the complainant in violation of his rights of
confrontation and cross-examination guaranteed by the Sixth Amendment to the
United States Constitution and article I, section 10 of the Texas Constitution. 
Specifically, appellant complains about the admission of a portion of the
complainant’s medical records from the Children’s Assessment Center (CAC), in
which Dr. Girardet documented an interview that transpired during the complainant’s
sexual-assault examination, wherein the complainant identified appellant as her
assailant and described the sexual abuse. Appellant contends that the alleged hearsay
evidence was not admissible under rule 803(4)’s exception for statements for
purposes of medical diagnosis or treatment.


 Tex. R. Evid. 803(4). 
          We again review the trial court’s decision to admit or exclude evidence under
an abuse-of-discretion standard and will not reverse the trial court’s ruling unless that
ruling falls outside the zone of reasonable disagreement. Torres, 71 S.W.3d at 760;
Roberts, 29 S.W.3d at 600.
          Rule 803(4) provides an exception to the hearsay rule for “[s]tatements made
for purposes of medical diagnosis or treatment and describing medical history, or past
or present symptoms, pain, or sensations, or the inception or general character of the
cause or external source thereof insofar as reasonably pertinent to diagnosis or
treatment.” Tex. R. Evid. 803(4). This exception has been interpreted to include
statements by suspected victims of child abuse as to the source of their injuries. 
Burns v. State, 122 S.W.3d 434, 438 (Tex. App.—Houston [1st Dist.] 2001, no pet.)
(citing Puderbaugh v. State, 31 S.W.3d 683, 685 (Tex. App.—Beaumont 2000, pet.
ref’d); Beheler v. State, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref’d)). 
This exception is based on the assumption that the patient understands the importance
of being truthful with the medical personnel involved to receive an accurate diagnosis
and treatment. Burns, 122 S.W.3d at 438. 
          As discussed above, the State offered the testimony of Dr. McNeese, who
testified that when a child is referred for allegations of sexual abuse, medical
personnel first take a history and physical and then perform a complete physical
examination of the child. Next, the child is asked specific questions concerning the
sexual-abuse allegations, followed by an examination of the child’s genitalia and
“private area,” in order to look for any injuries or other health concerns, such as
sexually-transmitted diseases. 
          During Dr. McNeese’s testimony, the State moved to introduce the
complainant’s medical records from the Children’s Assessment Center (CAC). 
Appellant’s trial counsel objected to the admission of a portion of the records
containing conversations that the examining physician, Dr. Girardet, had with the
complainant, on the grounds that it was hearsay-within-hearsay. Specifically,
appellant objected to Dr. Girardet’s written statement that, at the time of examination,
the complainant “discloses forced penile-vaginal penetration, fondling, and
cunnilingus by her ‘stepfather.’”
          Although Dr. McNeese did not perform the complainant’s examination, she
testified that she had personally reviewed the complainant’s medical record. Dr.
McNeese also testified that she supervised Dr. Girardet, a board-certified pediatrician
with specialized training in child abuse and sexual abuse. She further testified that
Dr. Girardet was qualified to perform examinations, to give her impressions and
findings of her examination, and to treat pediatric patients admitted for the purpose
of a sexual-abuse examination. 
          With respect to the complainant’s medical records, Dr. McNeese testified that
information for the purposes of medical diagnosis and treatment was obtained from
the complainant’s 1) biography; 2) history, including a medical history and review of
symptoms; 3) genital/anal complaints; 4) physical examination; 5) diagnostic tests;
and 6) examining physician’s impressions and plan. After brief argument, the trial
court overruled appellant’s objection and determined that the medical-record
evidence, including the statements made by the complainant to Dr. Girardet, would
be admitted as an exception to the hearsay rule because the information was obtained
while Dr. Girardet was taking the complainant’s medical history. Subsequently, Dr.
McNeese testified about the complainant’s examination, frequently reading directly
from the complainant’s medical record, specifically, from quotes by Dr. Girardet and
the complainant. 
          Appellant asserts that “there was no showing that the complainant’s medical
treatment was in any way aided by the self-serving statements made in the reports. 
The record is devoid of any legal justification authorizing the admission of the
testimony presented through the [CAC] records.” We disagree. First, Dr. McNeese
expressly testified that the complainant’s examination was completed for the purposes
of medical diagnosis and treatment. See Tex. R. Evid. 803(4). Second, the record
indicates that the complainant was aware of the purpose of the sexual-abuse
examination. See Puderbaugh, 31 S.W.3d at 685 (upholding decision to allow social
worker’s testimony regarding victim’s statements relating abuse where the State
established (1) the medical care component of the social worker’s sessions with
victim and (2) the victim’s awareness of the purpose of the treatment). During her
assessment at the CAC, the complainant was asked to explain “why you’re here
today?” The complainant responded, “To get a check up. To see if you have been
sexually fooled with.” 
          Furthermore, the record shows that the examination results were used to
diagnose and treat the complainant. Based upon the complainant’s lab results, Dr.
Girardet diagnosed Trichomonas, a sexually-transmitted disease, and bacterial
vaginosis, a bacterial infection of the vaginal tract. As a result of the examination,
Dr. Girardet formulated a plan to treat the complainant, including 1) oral medication,
2) reassurance regarding health of genitalia, 3) counseling as per social work or Child
Protective Services’ Assessment, 4) call to caseworker with lab results, and 5) copy
of medical report to caseworker and law enforcement agency. On these facts, we
conclude that the medical record evidence, including statements given by the
complainant to her examining physician and documented in the medical record, was
admissible under the rule 803(4) exception for statements made for the purposes of
diagnosis or treatment. Accordingly, we overrule appellant’s fifth and sixth points
of error. 
Conclusion
          We affirm the judgment of the trial court. 
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).