Anthony LEGGETT, Appellant

v.

The STATE of Texas.

No. 1136–03.

Court of Criminal Appeals of Texas.

April 21, 2004.

John R. Gaines, Huntsville, for appellant.

Mark R. Maltsberger, Assist. DA, Huntsville, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

PER CURIAM.

The trial court convicted Appellant of attempted aggravated sexual assault and assessed his punishment at three years. The Court of Appeals affirmed and held that judge ordered community supervision is not available to a defendant convicted of attempted aggravated sexual assault. *Leggett v. State,* 110 S.W.3d 142 (Tex. App.–Houston [1st Dist.] 2003).

The Court of Appeals reasoned that even though attempted aggravated sexual assault is not listed under Article 42.12, § 3G (a), V.A.C.C.P., as an offense for which judge ordered community supervision is unavailable, aggravated sexual assault is included, and a conviction for an attempted offense constitutes a conviction for the underlying offense as well. To reach this conclusion, the Court of Appeals relied on its opinion in *Parfait v. State,* 85 S.W.3d 829 (Tex.App.-Houston [1st Dist.]

2002), which applied that same reasoning to Penal Code Section 3.03(b)(2)(A), allowing cumulation of sentences for certain offenses arising out of the same criminal episode.

However, this Court granted the State's petition in *Parfait* and reversed. *Parfait v. State,* 120 S.W.3d 348 (Tex.Crim.App. 2003). This Court held that attempted sexual assault was not included in the laundry list of offenses in the statute, and we rejected the Court of Appeals' theory that a conviction for an attempted offense is a conviction of the underlying penal code provision as well.

At the time the Court of Appeals handed down its opinion in this case, it did not have the benefit of our opinion in *Parfait.* Accordingly, we grant ground two of Appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand to that court for reconsideration in light of our opinion in *Parfait.* Appellant's remaining ground for review is refused.