**AFFIRMED as MODIFIED and Opinion Filed December 22, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01262-CR**

**LUIS CASTILLO-CORONADO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-71315-R**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Evans
Opinion by Justice Evans

Luis Castillo-Coronado appeals his conviction for attempted indecency with a child by sexual contact. In four issues, appellant claims the trial court erred by finding appellant failed to enroll and participate in sex offender counseling as required by condition Y of his community supervision; the $250 DNA testing fee should be deleted because it is not authorized by statute; and the judgment should be modified to correct certain errors. We modify the judgment and, as modified, we affirm.

Appellant was charged with indecency with a child by sexual contact, but the State later reduced the charge to attempted indecency with a child. In February 2019, appellant agreed to enter a guilty plea in exchange for the State's recommendation that he be placed on deferred adjudication for eight years. The trial court followed the plea bargain agreement, placed appellant on deferred adjudication probation for eight years, and assessed costs of $599. Six months later, the State filed a motion to proceed with adjudication, alleging five violations, including violation Y, that appellant failed to enroll and participate in sex offender counseling. On October 3, 2019, the trial court found violation Y true, found appellant guilty, and assessed punishment at four years in prison. The trial court certified appellant had a right to appeal, and this appeal followed.

In his first issue, appellant claims the evidence is insufficient to support the trial court's finding that he violated condition Y. After reviewing the record, we disagree.

We review a trial court's decision to proceed with an adjudication of guilt for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). The State must prove a ground for adjudication by a preponderance of the evidence. *Id.* at 864–65. Proof by a preponderance of the evidence of one alleged violation is sufficient to adjudicate guilt. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Because the trial judge is the sole judge of the witnesses' credibility and the weight to give the evidence, we review the evidence in the light

most favorable to the judgment in determining whether the trial court abused its discretion. *Hacker*, 389 S.W.3d at 865.

On February 4, 2019, the trial court followed appellant's plea agreement and placed him on deferred adjudication for eight years. Attached to the judgment were the conditions of community supervision, including condition Y, which required that appellant:

> Within 45 days from referral, participate in counseling through An Approved Registered Sex Offender Treatment Provider and continue in counseling as required making observable deliberate and diligent effort to comply with all directives and instructions provided by The Registered Sex Offender Treatment Provider or its staff[.]

On July 30, 2019, the State filed a motion to proceed with an adjudication of guilt.

At the hearing on the motion, probation officer Khila Washington testified she works in the sex crimes unit of the community supervision corrections department and began supervising appellant on April 1, 2019. Appellant, who was living in a homeless shelter, was initially placed with a Spanish-speaking officer. He was transferred to Washington when it became apparent he could understand and speak English. Washington described appellant as "initially very nonresponsive," noting that he "literally didn't say anything at all" at their first meeting on April 22, 2019. Appellant did respond by nodding his head for "yes" or shaking it for "no" when she asked if he understood specific questions or instructions. Despite appellant's lack of interaction, Washington scheduled appellant for further appointments. She testified he reported every time he was required to report, and that she had successful "home"

visits with him at Union Gospel Mission where he lived. Appellant also completed some community service hours.

Appellant did not, however, complete the requirement that he report to sex offender treatment for evaluation and treatment. He showed up for the initial assessment but refused to sign the waiver of confidentiality required for participation and refused to talk about his offense. Washington referred appellant again, and his last deadline for enrolling in sex offender treatment was July 12, 2019. Appellant did not enroll or complete the treatment program. Washington said she gave appellant the referral document, he knew where the office was and had the phone number, so he had no excuse to "not make contact [by] that deadline."

During Washington's supervision, appellant had two separate incidents with supervisor reprimands – one in March and the other in May. Both times, the supervisors determined appellant understood English and understood the requirements of his probation.

Christopher Alonzo, the court probation officer for the 265th Judicial District Court, testified appellant was summoned to court on June 27, 2019, to discuss his failure to enroll in the sex offender program. Each time the subject of the sex offender counseling was brought up, appellant "basically, shut down, wouldn't discuss anything." Alonzo was doubtful that other programs could help given appellant's failure to respond and interact generally. No other evidence was presented at the hearing.

In sum, the evidence shows the trial court's February 4, 2019 judgment required appellant to participate in counseling through an approved registered sex offender treatment provider and to continue with counseling by complying with the directives and instructions of the program. At some point after his April 22, 2019 appointment with Washington, appellant went for an initial assessment at the sex offender treatment program; but he refused to sign a waiver required by the program and refused to discuss his offense with the staff. The evidence also shows he did not return to the office for sex offender treatment at any point after the initial appointment. Washington gave appellant a second referral that required he enroll in a sex offender treatment program by July 12, 2019, but he did not do so. Because the evidence establishes appellant did not participate in the sex offender treatment program at any time from April 2019 through July 2019, we cannot conclude the trial court abused its discretion by determining there was sufficient evidence to prove by a preponderance of the evidence that appellant violated condition Y of his community supervision. We overrule appellant's first issue.

In his second issue, appellant argues the $250 DNA testing fee should be deleted because it was not authorized by statute. The State agrees.

At the time appellant was adjudicated, the Texas Code of Criminal Procedure authorized a $250 fee related to DNA testing following conviction of certain enumerated offenses set forth in section 411.1471 of the government code. *See* Act of May 25, 2001, 77th Leg., R.S., ch. 1490, § 6, 2001 Tex. Gen. Laws 5290, 5294

(repealed 2020); TEX. GOV'T CODE ANN. § 411.1471. While indecency with a child is included in section 411.1471, attempted indecency with a child is not. *See* TEX. GOV'T CODE ANN. § 411.1471. Because the statute did not include attempted offenses, we conclude the $250 fee was not authorized. *Cf. Parfait v. State*, 120 S.W.3d 348, 351 (Tex. Crim. App. 2003) (concluding plain language of statute did not include attempted offenses when authorizing consecutive sentencing). We sustain appellant's third issue.

Although the trial court's 2019 judgment shows no court costs, the clerk's record contains the cost bill which shows the $250 DNA fee was assessed against appellant. We order the Dallas County District Clerk to delete the $250 DNA fee assessed in appellant's "Cost Bill." *See In re Daniel*, 396 S.W.3d 545, 549 (Tex. Crim. App. 2013) (when trial court judgment did not assess cost for attorney but county later issued "Bill of Cost" with attorney fee against indigent defendant, court of criminal appeals ordered county district clerk to delete inappropriate assessment of costs).

In his final two issues, appellant asks the Court to modify the judgment to reflect (1) the correct name of defense attorney who represented him and (2) that he did not have an open plea agreement.

Where the necessary data and information is available, we have the authority to modify an incorrect judgment. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (appellate courts have power to reform

judgments); *Estrada v. State*, 334 S.W.3d 57, 63 (Tex. App.—Dallas 2009, no pet.) ("This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so."). The State agrees that this Court should modify the judgment.

The judgment reflects Jeffrey Morrow as the attorney for appellant; however, the reporter's record shows James Jamison represented appellant at his October 3, 2019 hearing on the State's motion to adjudicate. The reporter's record also shows appellant pleaded "Not True" in open court to the allegations in the State's motion to adjudicate. Thus, the appellate record supports the corrections appellant seeks.

We sustain appellant's third and fourth issues. We modify the trial court's October 3, 2019 judgment by striking "Jeffrey Morrow 24091066" and listing "James Jamison 10562600" as the "Attorney for Defendant." We also strike the word "Open" and replace it with "None" under "Terms of Plea Bargain."

As modified, we affirm the trial court's judgment.

/David Evans/
_____
DAVID EVANS

Do Not Publish                    JUSTICE
TEX. R. APP. P. 47.2(b)
191262F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LUIS CASTILLO-CORONADO,
Appellant

No. 05-19-01262-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F17-71315-R.
Opinion delivered by Justice Evans.
Justices Myers and Nowell
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

delete "Jeffrey Morrow 24091066" and list "James Jamison 10562600" as the "Attorney for Defendant" and delete "Open" and list "None" under "Terms of Plea Bargain."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered December 22, 2020