IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 






NO. 1136-03







ANTHONY LEGGETT, Appellant



v.



THE STATE OF TEXAS






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


WALKER COUNTY







 Per Curiam


O P I N I O N 




 The trial court convicted Appellant of attempted aggravated sexual assault and assessed
his punishment at three years. The Court of Appeals affirmed and held that judge ordered
community supervision is not available to a defendant convicted of attempted aggravated sexual
assault. Leggett v. State, 110 S.W.3d 142 (Tex. App.- Houston [14th Dist.] 2003).

 The Court of Appeals reasoned that even though attempted aggravated sexual assault is
not listed under Article 42.12, § 3G (a), V.A.C.C.P., as an offense for which judge ordered
community supervision is unavailable, aggravated sexual assault is included, and a conviction
for an attempted offense constitutes a conviction for the underlying offense as well. To reach
this conclusion, the Court of Appeals relied on its opinion in Parfait v. State, 85 S.W.3d 829
(Tex. App.-Houston [14th Dist.] 2002), which applied that same reasoning to Penal Code
Section 3.03 (b)(2)(A), allowing cumulation of sentences for certain offenses arising out of
the same criminal episode.

 However, this Court granted the State's petition in Parfait and reversed. Parfait v. State,
120 S.W. 3d 348 (Tex. Crim. App. 2003). This Court held that attempted sexual assault was not
included in the laundry list of offenses in the statute, and we rejected the Court of Appeals'
theory that a conviction for an attempted offense is a conviction of the underlying penal code
provision as well. 


 At the time the Court of Appeals handed down its opinion in this case, it did not have the
benefit of our opinion in Parfait. Accordingly, we grant ground two of Appellant's petition for
discretionary review, vacate the judgment of the Court of Appeals, and remand to that court for
reconsideration in light of our opinion in Parfait. Appellant's remaining ground for review is
refused.

Delivered: April 21, 2004

Publish