**Shauntel Loraine MAYO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–08–00622–CR, 14–08–00623–CR, 14–08–00624–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 17, 2010.

---

Austin R. Jackson, Tyler, for appellant.

Michael J. West, Tyler, for appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

Appellant Shauntel Mayo, the second of the alleged "Mineola Swingers"[1] was tried in Smith County in May 2008 and convicted of two counts of sexual performance by a child and one count of engaging in organized criminal activity. She was sentenced to twenty years' confinement for each count of sexual performance by a child and confinement for life for the count of engaging in organized criminal activity. In three issues, appellant asserts the trial court reversibly erred (a) by including an improper venue instruction in the jury charge, which (b) caused her harmed, and (c) by ordering the three sentences to run consecutively. Although the jury instruction was error, it was not harmful. However, because one of her three sentences should not have been ordered to run consecutively, we modify the trial court's judgment and affirm as modified.

1. *See Pittman v. State,* 321 S.W.3d 565 (Tex. App.-Houston [14 Dist.] 2010), tried in March 2008; *Kelly v. State,* 321 S.W.3d 583 (Tex. App.-Houston [14 Dist.] 2010), tried in August 2008. All three appeals were transferred to this court.

2. We have employed pseudonyms for the children to protect their identities.

## I. Background

Appellant has not challenged the sufficiency of the evidence, so we discuss the facts only briefly. Appellant's two children, Shannon and Holden,[2] were removed from her care sometime in 2004. After their removal, they began to exhibit behaviors and make outcries to various people that raised concerns that the children had been sexually abused. Many of the children's allegations centered on an adult "swingers" club located in Mineola, Texas. This club was allegedly operated by appellant and other adults. During the investigation into these allegations, several other children related to appellant also made outcries.

According to Shannon and Holden, they were given "silly pills" and encouraged to dance with each other in various states of undress. They were taught to do these acts in what they referred to as "kindergarten," which took place in appellant's home in Smith County.[3] These "kindergarten" classes involved teaching children, including Shannon and Holden, how to touch their "private parts" and "play doctor," which involved genital contact with each other. Several adults, including appellant, allegedly instructed the children at "kindergarten." After spending time in "kindergarten," the children were taken to the "swingers" club in Mineola, located in Wood County, where they would dance and perform sexually with each other for adults who paid money to those operating the club.

3. There was some testimony that some of the "kindergarten" classes may have occurred at the residence of an individual identified as "Booger Red," but the location of this residence was not established in the record.

After an investigation into these allegations, appellant and several others were charged with numerous offenses in Smith County.[4] At appellant's trial, numerous witnesses testified in support of the State's case; several of the children, including Holden, Shannon, and their two young relatives, Ginny and Cathy, testified and described the activities that occurred both at "kindergarten" and at the "swingers" club. After hearing the evidence, the jury found appellant guilty of the charged offenses and assessed punishment at confinement for life and a $10,000 fine for engaging in organized criminal activity, and twenty years' confinement and a $10,000 fine for each count of sexual performance by a child. The trial court rendered judgment on the jury's verdict and, over appellant's objection, ordered all three sentences to run consecutively. Appellant timely appealed.

## II. Analysis

### A. Jury Charge Error

■ In her first two issues, appellant contends the trial court provided an impermissible jury instruction on venue which harmed her because it relieved the State of its burden to establish venue by a preponderance of the evidence.

■ When reviewing allegations of charge error, we must first determine whether error actually exists in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex.Crim.App.2005) (en banc). If error is found, we then determine whether it

caused sufficient harm to require reversal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (en banc) (op. on reh'g). If no proper objection was made at trial, we must reverse only if the record shows "egregious harm" to the defendant. *Id.* When there has been a timely objection to an improper jury charge, we must reverse if we find "some harm" to the defendant. *Id.* "Some harm" means any harm, regardless of degree. *Dickey v. State*, 22 S.W.3d 490, 492 (Tex.Crim.App. 1999) (en banc); *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App.1986) (en banc).

■ Appellant's complaint centers on the final sentence of the trial court's venue instructions: "Venue is not a constituent element of the offense charged, and the failure to prove venue does not negate the guilt of the accused." This statement comes from case law discussing sufficiency of the evidence of venue. *See, e.g., Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim.App.1981) (en banc); *Schemm v. State*, 228 S.W.3d 844, 845 (Tex.App.-Austin 2007, pet. ref'd); *Adams v. State*, 936 S.W.2d 313, 314 (Tex.App.-Tyler 1996, pet. ref'd). But "Texas courts are forbidden from instructing the jury on any presumption or *evidentiary sufficiency rule* that does not have a statutory basis." *Brown v. State*, 122 S.W.3d 794, 799 (Tex.Crim. App.2003) (emphasis added). Because this evidentiary sufficiency rule does not have a statutory basis, we conclude this instruc-

4. Appeals involving two other defendants in this alleged "sex ring" were filed subsequent to this appeal. *See Pittman v. State*, 321 S.W.3d 565; *Kelly v. State*, 321 S.W.3d 583. In these subsequently-filed appeals, the appellants allege violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Surprisingly, Smith County's neighboring county, Wood County, filed an amicus brief through its district attorney's office which appears to support some claims of the

other defendants. Appellant moved to consolidate the appeals so that we could consider the *Brady* issues in her case. That motion was denied. Appellant made no *Brady* complaint in this case. Her only review of this issue would be through a habeas corpus proceeding. For a further discussion of the alleged *Brady* issues, see *Pittman*, 321 S.W.3d at 570–72 (Tex.App.-Houston [14th Dist.] 2010).

tion was improper and sustain appellant's first issue.

## B. Harm Analysis

■ The harm analysis that we apply in this case is dependent on whether appellant properly objected to the jury charge. Appellant lodged the following objection to the inclusion of this particular statement:

> Your Honor, just for record purposes, the Defense would object to the inclusion of the last sentence of Paragraph XV as surplusage in the charge.
>
> *And my understanding is that came from case law and not statute,* so we would object accordingly to that being included in the Court's charge.

(emphasis added). We disagree with the State that this objection was not sufficient. Because appellant timely objected to the erroneous portion of the jury charge we will review the record for "some" harm. *See Dickey*, 22 S.W.3d at 492; *Arline*, 721 S.W.2d at 351; *Almanza*, 686 S.W.2d at 171. In performing a harm analysis, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171.

### 1. Venue was challenged.

■ Because venue is presumed if not challenged, our harm analysis begins with the question of whether venue was challenged. TEX.R.APP. P. 44.2(c)(1). Appellant has not challenged the trial court's jurisdiction[5] to prosecute this case, and instead asserts that venue was a contested issue and the State failed to establish venue in Smith County.

The record shows that appellant only challenged venue on the offense of engaging in organized criminal activity. *Cf. Holdridge v. State*, 707 S.W.2d 18, 20–21 (Tex. Crim.App.1986) (en banc) (per curiam). Appellant did not file any pre-trial motions disputing venue, and disputed venue only for the organized criminal activity charge by orally moving for a directed verdict as follows:

> Specifically with regard to cause number 241–1431–07 [organized criminal activity count], the Defense would move for an instructed verdict on the issue of the engaging in the organized criminal activity case, because the State ... failed to prove that [appellant] had any sort of intent to establish, maintain, or participate in a combination or in the profits of a combination of any type anywhere in Smith County. ... Therefore we'd move for an instructed verdict on that cause as to that element of venue and profit.

Appellant failed to challenge venue as to the other two crimes. Unless disputed in the trial court or unless the record affirmatively shows the contrary, we must presume that venue was proven in the trial court. TEX.R.APP. P. 44.2(c)(1). Because the record does not affirmatively show that venue was inappropriate in Smith County, we must presume that venue was established for the two counts of sexual performance of a child.[6] *Id.*

### 2. The remainder of the jury charge was correct.

We next consider the entire jury charge. The erroneous instruction appears at the

---

5. Venue is not the same as jurisdiction: jurisdiction is the power of a court to hear and try a case, while venue is simply the place where a case may be tried. *See State v. Blankenship*, 170 S.W.3d 676, 681 (Tex.App.-Austin 2005, pet. ref'd).

6. There is no specific venue provision for sexual performance of a child; thus the general venue statute providing that "the proper county for the prosecution of offenses is that in which the offense was committed" applies. TEX.CODE CRIM. PROC. ANN art. 13.18.

end of the venue section of the charge as follows:

The indictment or information, or any pleading in the case, may allege that the offense was committed in the county were the prosecution is carried on. To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue. Proof of venue must be demonstrated by either direct or circumstantial evidence. "Venue," as applied to criminal cases, means the place in which the prosecution is to begin.

When conduct constituting a single offense is committed in more than one county, venue is proper in any of those counties.

Preponderance of the evidence means the greater weight and degree of credible evidence.

Venue is not a constituent element of the offense charged, and the failure to prove venue does not negate the guilt of the accused.

With the exception of the last sentence, these venue instructions are appropriate for a jury charge. See TEX.CODE CRIM. PROC. ANN. arts. 13.17, 13.18 (Vernon 2005); *Soliz v. State*, 97 S.W.3d 137, 141 (Tex. Crim.App.2003) (defining venue as "the county or district in which a court with jurisdiction may hear and determine a case"); *Thompson v. State*, 244 S.W.3d 357, 362 (Tex.App.-Tyler 2006, pet. dism'd) (explaining that the State is required to prove venue by a preponderance of either direct or circumstantial evidence). The jury also was properly instructed that engaging in organized criminal activity may be prosecuted in any county in which acts committed to effect the purpose of the combination occur. See TEX.CODE CRIM. PROC. ANN. art. 13.21.

The jury charge on venue was confusing, containing the correct burden of proof for venue but also seeming to take it away in the last sentence of the venue instructions. *See Mann v. State*, 964 S.W.2d 639, 641 (Tex.Crim.App.1998) (en banc) (analyzing a jury charge in which the burden of proof was improperly stated in one location, while in seven other locations it was stated correctly.) But the charge also correctly instructed the jury on the burden of proof for the crime itself as follows:

And if you further find from the evidence beyond a reasonable doubt that in Smith County, Texas, the [appellant], did then and there commit said offense with the intent to establish, maintain, or participate in a combination or in the profits of a combination who collaborated in carrying on said criminal activity; then you will find the [appellant], guilty of Engaging in Organized Criminal Activity.

**3.   There is sufficient evidence of venue.**

We next consider the evidence of venue. It was undisputed that the "swingers" club was in Wood County and the children lived in Smith County. Texas Ranger Phillip Kemp, the investigating officer, explained the "nexus" between Smith and Wood Counties in this case:

Q:   Through the course of your investigation, was it determined whether or not there was a nexus between Smith County and Wood County?

A:   Yes, there was.

Q:   What was that nexus?

A:   The training that was done to teach them how to dance or, as they said, dance sexy, how to strip, how to have sex, and the drugs that were purchased to give to the kids when they did this, was all done in Smith County.

Additionally, Shannon testified that she attended "kindergarten" at appellant's resi-

dence, which was located in Smith County. In a video interview of Shannon and Holden conducted by Kemp, Holden explained that "nasty things" happened at his house and that he had to "practice" the things he learned at "kindergarten" at his house. It is undisputed that his house, appellant's residence, was in Smith County. Thus, there is more than sufficient evidence to support venue in Smith County because the record reflects that at least one of the acts—the "grooming" of the children at "kindergarten"—effecting an objective of the organized criminal activity occurred in Smith County. *See* Tex.Code Crim. Proc. Ann. art. 13.21; *see also Murphy v. State*, 112 S.W.3d 592, 605 (Tex.Crim.App.2003) (en banc) ("Venue will stand if it is sufficient under any one of the venue provisions the jury was instructed upon.").

### 4. Arguments of counsel on venue were proper.

Finally we consider the arguments of counsel. During closing argument, the State emphasized that the children against whom these offenses were committed lived in Smith County and that the offenses against them started in Smith County:

Why are we here in Smith County? I'll tell you why we're here in Smith County. These are our kids. This happened and begins in Smith County.

The engaging in organized criminal activity begins in Smith County. The kindergarten in Smith County; [the appellant and other defendants] in Smith County.

And our kids in Smith County are being groomed for the sole purpose to go dance naked in this building so they could make money. Every single time those kids got in the car here in Tyler to drive to that place, this offense occurred in Smith County. And it didn't end until they got home back in Smith County. Please, please, please, please do not go in there, throw up your hands and say,

"Well, the sex club is in Mineola. We'll let them deal with it."

. . .

Can you imagine that ride from here in Tyler to Mineola at the age of six, seven, knowing—knowing there would be a room full of people that were going to pay to watch you have sex with your sister, going to pay to watch you have sex with your brother, going to pay to watch you take all of your little clothes off?

Appellant did not object to any of this argument, and her trial counsel did not discuss venue at all during closing argument. Nothing in the State's closing argument suggests that the jury should disregard venue when reaching its verdict.

### 5. No actual harm was shown.

Appellant contested venue on only one of the three offenses; the greater part of the jury charge correctly instructed the jury on venue; the record contains sufficient evidence to support venue in Smith County; and the State did not argue that the jury should disregard venue in determining appellant's guilt. Considering the state of the record as a whole, including the entirety of the jury charge and the evidence of venue, we cannot say that appellant suffered some actual harm by the single improper sentence regarding venue included in the jury charge. *Cf. Dickey*, 22 S.W.3d at 493 (concluding that no actual harm from the erroneous jury charge was shown). We therefore overrule appellant's second issue.

### C. Cumulation of Sentences

In her third issue, appellant asserts the trial court erred in ordering her three sentences to run consecutively. When a defendant is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal trial, as occurred here, the sentences pro-

nounced "shall" run concurrently, except for certain enumerated offenses. *See* Tex. Penal Code § 3.03(a), (b) (Vernon Supp. 2009). Sexual performance of a child is an enumerated offense that may be ordered to run consecutively. *Id.* § 3.03(b)(2)(A). Appellant's two twenty-year sentences for sexual performance of a child therefore may run consecutively to each other. *See id.*

However, Texas Penal Code section 3.03 unambiguously provides that only offenses specifically enumerated in subsection (b) may be ordered to run consecutively. *Parfait v. State,* 120 S.W.3d 348, 350 (Tex. Crim.App.2003). Organized criminal activity is not one of the enumerated offenses included in subsection (b). *See* Tex. Penal Code § 3.03(b). Thus, the trial court erred in ordering appellant's sentence for organized criminal activity to run consecutively to her two sentences for sexual performance of a child. *Cf. Parfait,* 120 S.W.3d at 350–51. We therefore sustain her third issue.

### III. Conclusion

Because the trial court erred in instructing the jury that failure to prove venue does not negate the guilt of the accused, we sustain appellant's first issue, but because that error was harmless, we overrule her second issue. We further conclude that the trial court erred in ordering appellant's sentences for her three convictions to run consecutively; thus, we sustain her third issue and modify the judgment to reflect that appellant's life sentence for engaging in organized criminal activity shall run concurrently with her two consecutive twenty-year sentences for sexual performance of a child. We affirm the trial court's judgment as modified.