

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NOS. 02-10-00022-CR
### 02-10-00023-CR

SOVEIDA MORALES A/K/A                                    APPELLANT
SOVEIDA MORALEZ

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In two points, Appellant Soveida Morales a/k/a Soveida Moralez appeals

the punishment for her convictions for evading arrest and theft.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

After shoplifting $1,855.60 worth of merchandise from a store in Weatherford, Morales nearly sideswiped a Parker County Sheriff's patrol car with her vehicle as she sped from the store's parking lot. When the Parker County officer followed her and attempted to pull her over, Morales led him on a high speed chase, running several stop lights and stop signs and weaving through traffic before entering Interstate 20 and heading towards Fort Worth. A state trooper continued the pursuit from Parker County into downtown Fort Worth. The chase ended when Morales hit a curb and wrecked her vehicle.

A Parker County grand jury indicted Morales for evading arrest with a vehicle and for theft in an amount greater than $1,500 but less than $20,000. The State subsequently filed a motion to amend the evading arrest indictment to add an enhancement paragraph alleging that Morales had been previously convicted of evading arrest in February 2003, which the trial court granted.[2] The State also filed notices of intent to enhance punishment, alleging in both cases a 2006 conviction for theft, less than $1,500; a 2005 conviction for theft, $1,500–$20,000; two 2003 convictions for theft, less than $1,500; a 1999 conviction for possession of cocaine; and a 1999 conviction for theft, $1,500–$20,000. In the evading arrest case, the State filed an additional notice of intent to enhance

---

[2]The State also filed a notice of intent to seek a finding that Morales's motor vehicle was used as a deadly weapon.

punishment with regard to a 2005 conviction for attempted aggravated assault on a public servant.

Morales pleaded guilty to both charges and not true to the enhancement allegations, and she elected for a jury to assess her punishment. The jury found Morales guilty on both charges. With regard to Morales's evading arrest conviction, the jury found the additional enhancement allegation of the 2005 attempted aggravated assault true, answered "yes" to the use of deadly weapon special issue, and assessed her punishment at twenty years' confinement. With regard to Morales's theft conviction, the jury considered six enhancement allegations, was instructed that if they found any two true, to consider a punishment range of two to ten years' confinement, and assessed punishment at ten years' confinement. The trial court entered judgment on both sentences. This appeal followed.

### III. Discussion

In her first point, Morales argues that the trial court erred by allowing the State to present enhancement allegations to the jury when it did not properly amend the indictment to include them and that her trial counsel's failure to raise this issue at trial constituted ineffective assistance of counsel. In her second point, she complains that the State failed to meet its burden to establish venue in Parker County, that the record is void of any reasonable basis to make a presumption of venue, and that her trial counsel's failure to raise the venue issue rendered his assistance ineffective.

3

An accused is entitled to notice of the State's intent to use prior convictions for enhancement purposes, and proper notice of intent to enhance punishment must be given in a timely manner, but it need not be pleaded in the indictment itself to be considered proper notice as long as it is pleaded in some form prior to trial. *Williams v. State*, 172 S.W.3d 730, 734 (Tex. App.—Fort Worth 2005, pet. ref'd) (citing *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997)). The record reflects that the State filed its notices of intent to use prior convictions to enhance punishment several months before trial, providing sufficient notice to Morales. We overrule this portion of Morales's first point. *See id.*

With regard to Morales's second point, while failure to prove venue is reversible error, unless venue is disputed in the trial court, or the record affirmatively shows that venue was not established, we must presume that venue was proved in the trial court. *See Couchman v. State*, 3 S.W.3d 155, 161 (Tex. App.—Fort Worth 1999, pet. ref'd) (citing *Black v. State*, 645 S.W.2d 789, 790–91 (Tex. Crim. App. 1983)); *see also* Tex. R. App. P. 44.2(c)(1). Venue is proper in the county where the offenses are said to have occurred, and because it is not an element of an offense, it may be proved by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. arts. 13.08, 13.17–.18 (Vernon 2005).

Morales's counsel did not object to venue at trial, and Morales does not challenge the voluntariness of her guilty pleas. *See Fairfield v. State*, 610 S.W.2d 771, 780 (Tex. Crim. App. 1981) (stating that a defendant's guilty plea, standing alone, establishes venue); *Mayo v. State*, 321 S.W.3d 576, 580 (Tex.

4

App.—Houston [14th Dist.] 2010, no pet.) (presuming venue was established on the counts for which appellant failed to challenge venue at trial when the record did not affirmatively show that venue was inappropriate). Further, the trial testimony and exhibits are sufficient to establish that the offenses occurred in Parker County. We overrule this portion of Morales's second point.

Finally, because raising these issues at trial would have had no effect on the outcome of the trial, Morales has failed to show that her counsel was ineffective. *See, e.g., Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.) (stating that counsel is not required to engage in the filing of futile motions and that to satisfy the *Strickland v. Washington* standard, an appellant must show both that the motion would have been granted and that it would have resulted in a different outcome at trial). We overrule the remainder of Morales's first and second points.

## IV. Conclusion

Having overruled both of Morales's points, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 28, 2011

5