02-10-022 & 023-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NOS. 02-10-00022-CR
          02-10-00023-CR

 

 


 
 
 Soveida Morales a/k/a Soveida Moralez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 43rd
District Court OF Parker COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          In
two points, Appellant Soveida Morales a/k/a Soveida Moralez appeals the
punishment for her convictions for evading arrest and theft.  We affirm.

II. 
Factual and Procedural Background

          After
shoplifting $1,855.60 worth of merchandise from a store in Weatherford, Morales
nearly sideswiped a Parker County Sheriff’s patrol car with her vehicle as she
sped from the store’s parking lot.  When the Parker County officer followed her
and attempted to pull her over, Morales led him on a high speed chase, running
several stop lights and stop signs and weaving through traffic before entering
Interstate 20 and heading towards Fort Worth.  A state trooper continued the
pursuit from Parker County into downtown Fort Worth.  The chase ended when
Morales hit a curb and wrecked her vehicle.

          A
Parker County grand jury indicted Morales for evading arrest with a vehicle and
for theft in an amount greater than $1,500 but less than $20,000.  The State
subsequently filed a motion to amend the evading arrest indictment to add an
enhancement paragraph alleging that Morales had been previously convicted of
evading arrest in February 2003, which the trial court granted.[2]  The State also filed notices
of intent to enhance punishment, alleging in both cases a 2006 conviction for
theft, less than $1,500; a 2005 conviction for theft, $1,500–$20,000; two 2003
convictions for theft, less than $1,500; a 1999 conviction for possession of
cocaine; and a 1999 conviction for theft, $1,500–$20,000.  In the evading
arrest case, the State filed an additional notice of intent to enhance
punishment with regard to a 2005 conviction for attempted aggravated assault on
a public servant.

          Morales
pleaded guilty to both charges and not true to the enhancement allegations, and
she elected for a jury to assess her punishment.  The jury found Morales guilty
on both charges.  With regard to Morales’s evading arrest conviction, the jury
found the additional enhancement allegation of the 2005 attempted aggravated
assault true, answered “yes” to the use of deadly weapon special issue, and
assessed her punishment at twenty years’ confinement.  With regard to Morales’s
theft conviction, the jury considered six enhancement allegations, was
instructed that if they found any two true, to consider a punishment range of
two to ten years’ confinement, and assessed punishment at ten years’
confinement.  The trial court entered judgment on both sentences.  This appeal
followed.

III. 
Discussion

          In
her first point, Morales argues that the trial court erred by allowing the
State to present enhancement allegations to the jury when it did not properly
amend the indictment to include them and that her trial counsel’s failure to
raise this issue at trial constituted ineffective assistance of counsel. In her
second point, she complains that the State failed to meet its burden to
establish venue in Parker County, that the record is void of any reasonable
basis to make a presumption of venue, and that her trial counsel’s failure to
raise the venue issue rendered his assistance ineffective.

          An
accused is entitled to notice of the State’s intent to use prior convictions
for enhancement purposes, and proper notice of intent to enhance punishment
must be given in a timely manner, but it need not be pleaded in the indictment
itself to be considered proper notice as long as it is pleaded in some form
prior to trial.  Williams v. State, 172 S.W.3d 730, 734 (Tex. App.—Fort
Worth 2005, pet. ref’d) (citing Brooks v. State, 957 S.W.2d 30, 34 (Tex.
Crim. App. 1997)).  The record reflects that the State filed its notices of
intent to use prior convictions to enhance punishment several months before
trial, providing sufficient notice to Morales.  We overrule this portion of
Morales’s first point.  See id.

          With
regard to Morales’s second point, while failure to prove venue is reversible
error, unless venue is disputed in the trial court, or the record affirmatively
shows that venue was not established, we must presume that venue was proved in
the trial court.  See Couchman v. State, 3 S.W.3d 155, 161 (Tex.
App.—Fort Worth 1999, pet. ref’d) (citing Black v. State, 645 S.W.2d
789, 790–91 (Tex. Crim. App. 1983)); see also Tex. R. App. P.
44.2(c)(1).  Venue is proper in the county where the offenses are said to have
occurred, and because it is not an element of an offense, it may be proved by a
preponderance of the evidence.  Tex. Code Crim. Proc. Ann. arts. 13.08,
13.17–.18 (Vernon 2005).

          Morales’s
counsel did not object to venue at trial, and Morales does not challenge the
voluntariness of her guilty pleas.  See Fairfield v. State, 610 S.W.2d
771, 780 (Tex. Crim. App. 1981) (stating that a defendant’s guilty plea,
standing alone, establishes venue); Mayo v. State, 321 S.W.3d 576, 580
(Tex. App.—Houston [14th Dist.] 2010, no pet.) (presuming venue was established
on the counts for which appellant failed to challenge venue at trial when the
record did not affirmatively show that venue was inappropriate).  Further, the
trial testimony and exhibits are sufficient to establish that the offenses
occurred in Parker County.  We overrule this portion of Morales’s second point.

          Finally,
because raising these issues at trial would have had no effect on the outcome
of the trial, Morales has failed to show that her counsel was ineffective.  See,
e.g., Hollis v. State, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.)
(stating that counsel is not required to engage in the filing of futile motions
and that to satisfy the Strickland v. Washington standard, an appellant
must show both that the motion would have been granted and that it would have
resulted in a different outcome at trial).  We overrule the remainder of
Morales’s first and second points.

IV. 
Conclusion

          Having
overruled both of Morales’s points, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
MCCOY,
GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 28, 2011









[1]See Tex. R. App. P. 47.4.





[2]The State also filed a
notice of intent to seek a finding that Morales’s motor vehicle was used as a
deadly weapon.