

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00133-CR

KENNETH DEWAYNE NELSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 17F-1100-005

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

A Bowie County jury convicted Kenneth Dewayne Nelson on five indictments of continuous trafficking of persons[1] and sentenced him to five life terms.[2] On appeal, Nelson argues (1) that the trial court erred in not granting Nelson a new venire after he withdrew his guilty plea following jury selection, (2) that the trial court erred by ordering Nelson's five life sentences to run consecutively versus concurrently, and (3) that the trial court erred in assessing court costs on all five of Nelson's convictions.

As discussed in our opinion in the first case, cause number 06-18-00132-CR, we find no error in the trial court's denial of Nelson's request for a new venire. We do, though, find that Nelson's five life sentences should run concurrently instead of consecutively, as required by the Texas Penal Code, and modify the judgment accordingly. We also modify the judgment and delete the trial court's assessment of court costs for this case, where costs were assessed in the first conviction. In all other ways, we affirm the trial court's judgment, as modified.

I.      **Trial Court's Refusal to Grant New Venire Was Not Error**

For this issue, we direct the reader to our opinion in *Nelson v. State*, cause number 06-18-00132-CR, issued on even date herewith. We explained in that opinion why we overruled Nelson's complaint that the trial court should have granted him a new venire following jury selection. For

---

[1]*See* TEX. PENAL CODE ANN. § 20A.03.

[2]Nelson was convicted on five indictments in one trial. On even date to this document, we affirm the other four convictions (*Nelson v. State*, cause numbers 06-18-00132-CR, 06-18-00134-CR, 06-18-00135-CR, and 06-18-00136-CR). We also delete the trial court's orders cumulating sentences and imposing court costs in cases 06-18-00134-CR, 06-18-00135-CR, and 06-18-00136-CR.

the same reasons explained in cause number 06-18-00132-CR, we likewise overrule that point of error in this appeal.

## II.     The Trial Court Improperly Cumulated Sentences[3]

When the trial court accepted the jury's recommendation and pronounced sentence, it ordered the life sentences in cause numbers 06-18-00133-CR through 06-18-00136-CR to run consecutively to the life sentence imposed in cause number 06-18-00132-CR. For the reasons below, we find that the trial court improperly cumulated the sentences. As a result, we delete the trial court's cumulation order from the judgment.

Generally, where one is convicted of several offenses tried in a single criminal action, as was Nelson, the sentences for each offense must run concurrently. *See* TEX. PENAL CODE ANN. § 3.03 (Supp.). Section 3.03 of the Texas Penal Code only provides the trial court discretion to cumulate sentences in certain specific instances. "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently." TEX. PENAL CODE ANN. § 3.03(a). A single criminal action is a single trial. *See Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995). "A defendant is prosecuted in a 'single criminal action' when allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding[]." *Id.*

---

[3]The State argues that Nelson waived this complaint, where he did not object to the joinder of the five indicted cases for trial. Nelson did, though, complain that cumulation was not appropriate because the several offenses were "part of a continuing criminal episode."

A "criminal episode" is defined as "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property" where the offenses are either "committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan" or "the repeated commission of the same or similar offenses." TEX. PENAL CODE ANN. § 3.01.

Once these criteria are met, Section 3.03(b) creates exceptions for several enumerated crimes where the trial court, at its discretion, may order the defendant's sentences to run consecutively. For example, if the precedent conditions are met, sentences for intoxication manslaughter or intoxication assault may run consecutively. *See* TEX. PENAL CODE ANN. § 3.03(b)(1). Likewise, Section 3.03(b)(2) lists several offenses involving sexual abuse of children where sentences may be ordered to run consecutively.[4]

Nelson was convicted of continuous trafficking of persons. *See* TEX. PENAL CODE ANN. § 20A.03. This is not one of the enumerated exceptions listed in Section 3.03(b).[5] The Texas Court of Criminal Appeals has held that where an offense is not listed in Section 3.03(b)'s exceptions, the trial court may not cumulate sentences. For instance, in *Parfait v. State*, 120 S.W.3d 348, 351 (Tex. Crim. App. 2003), the court held that where Section 3.03(b)'s exceptions did not include convictions for attempted commission of one of the listed exceptions, cumulation was not permissible. And when an earlier version of Section 3.03(b)(1) only allowed cumulation

---

[4]E.g., continuous sexual assault of a child; sexual assault and aggravated sexual assault; prohibited sexual contact; and sexual performance of a child. *See* TEX. PENAL CODE ANN. § 3.03(b)(2).

[5]Trafficking of persons, Section 20A.02 of the Texas Penal Code, though, is an excepted offense. *See* TEX. PENAL CODE ANN. § 3.03(b)(5)(A).

4

of sentences for intoxication manslaughter, before intoxication assault was added,[6] cumulation of sentences for the former, but not the latter, was authorized. *Yvanez v. State*, 991 S.W.2d 280, 282–83 (Tex. Crim. App. 1999).[7]

The rules of statutory construction have been well established.

Statutory construction is a question of law we review de novo. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008). Our primary objective when construing a statute is to give effect to the Legislature's intent as expressed in the statute's language. TEX. GOV'T CODE ANN. § 312.005 (Vernon 2005); *Combs*, 258 S.W.3d at 631–32. When the statutory language is clear and unambiguous, such language is applied in accordance with its plain and common meaning. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008).

*Lackey v. State*, 322 S.W.3d 863, 865 (Tex. App.—Texarkana 2010), *aff'd*, 364 S.W.3d 837 (Tex. Crim. App. 2012).

When attempting to discern this collective legislative intent or purpose, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. We do this because the text of the statute *is the law* in the sense that it is the only thing actually adopted by the legislators, probably through compromise, and submitted to the Governor for her signature. We focus on the literal text also because the text is the only *definitive* evidence of what the legislators (and perhaps the Governor) had in mind when the statute was enacted into law.

*Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). And "the Legislature is *constitutionally entitled* to expect that the Judiciary will faithfully follow the specific text that was adopted." *Id*.

---

[6]*See* Act of May 23, 2005, 79th Leg., R.S., ch. 527, § 1, 2005 Tex. Gen. Laws 1429, 1429–30.

[7]*See also Mayo v. State*, 321 S.W.3d 576, 582–83 (Tex. App.—Houston [14th Dist.] 2010, no pet.). "Texas Penal Code section 3.03 unambiguously provides that only offenses specifically enumerated in subsection (b) may be ordered to run consecutively." *Id.* at 583.

Thus, we must examine the statute's language. If, "using the established canons of construction relating to such text" the statute's meaning "should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning." *Id*. That said, where "application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended, we should not apply the language literally." *Id*. Only where application of a statute as written would lead to such absurd results, or the statute's language is ambiguous, may a court turn to "such *extra*textual factors as executive or administrative interpretations of the statute or legislative history" to discern the statute's meaning. *Id*.

The State argues Section 3.03(b) is ambiguous. As an example, the State posits the possible scenario where an accused is convicted of two counts of trafficking of persons[8] in a single criminal action. The sentences for the two convictions are subject to cumulation. An accused convicted of two counts of continuous trafficking of persons, though, is not subject to cumulation of sentences. We fail to see how this is an absurd result. This does not differ from *Yvanez*, discussed above, when the defendant's sentences for intoxication manslaughter were susceptible to cumulation, but his conviction for intoxication assault was not (where intoxication assault was not then listed at the time as an exception in Section 3.03(b)(1)). There is nothing absurd about cumulation not being allowed for an offense not enumerated as an exception in Section 3.03(b), such as continuous trafficking, but cumulation being available for an excepted offense, such as trafficking of persons.[9]

---

[8]*See* TEX. PENAL CODE ANN. § 20A.02.

[9]We also point out that the offense of continuous sexual assault of a child is enumerated as an exception in Section 3.03(b)(2)(A). "We presume that the legislature intended for every word to have a purpose, and we should give effect if reasonably possible to each word, phrase, and clause of the statutory language." *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019) (citing *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997)). The State suggests it

6

The State also claims further absurdity is evinced where the State could have obtained cumulated sentences had it tried Nelson's cases one at a time. But this is simply the state of play in Texas criminal law. When an accused is "convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction." TEX. CODE CRIM. PROC. ANN. art. 42.08(a). The trial court then has the option, subject to certain limitations, to order those sentences to run consecutively or concurrently. *See id*. The State also may seek to join multiple prosecutions, and the defendant has the option and right to oppose that joinder. *See* TEX. PENAL CODE ANN. §§ 3.02, 3.04. Thus, we find no absurdity here.

Our conclusion is also compelled by the analysis in *Miles v. State*, 506 S.W.3d 485 (Tex. Crim. App. 2016). Miles was convicted in one trial of sexual assault and compelled prostitution. *Id*. The trial court erred when it cumulated the sentences, because sexual assault was exempted from the concurrent sentence requirement under Section 3.03(b)(2) and compelling prostitution was exempted under Section 3.03(b)(5). *Id*. at 488. The statute was "clear and unambiguous and d[id] not lead to absurd consequences." *Id*. Likewise, because Section 3.03(b) does not include Section 20A.03 as an offense for which a trial court, the other conditions having been met, may cumulate sentences, Nelson's sentence was not eligible for cumulation.

---

is absurd that the Legislature would not include a perhaps more serious offense, continuous trafficking of persons, over trafficking of persons. Yet, the Legislature included the offense of continuous sexual assault of a child in Section 3.03(b) and did not include continuous trafficking. As for the State's argument that Section 3.03(b) exempts all major sexual offenses against children, Nelson pointed out in oral argument that improper relationship between educator and student, *see* TEX. PENAL CODE ANN. § 21.12, is not among Section 3.03(b)'s enumerated exceptions.

From our review of this case, we find no ambiguity in the language of Section 3.03(b). The language is clear and does not provide for many interpretations. Above, we referred to *Parfait* and *Yvanez*, where the Texas Court of Criminal Appeals found Section 3.03(b) unambiguous and did not find ambiguity in the statute. *See Parfait*, 120 S.W.3d at 350; *Yvanez*, 991 S.W.2d at 282. To paraphrase the *Parfait* court, "[i]f our Legislature had intended for the statute to include [continuous trafficking of persons], it could easily have added" that offense to its list of exceptions to the concurrent sentence rule. *Parfait*, 120 S.W.3d at 350.

The State also argues that Nelson was not convicted of offenses which were the same criminal episode. Yet, Nelson was convicted of committing the same offense, continuous trafficking of persons, five times. This is the repeated commission of the same offense, which is part of the Texas Penal Code's definition of "criminal episode." *See* TEX. PENAL CODE ANN. § 3.01. Similarly, when the defendant was convicted of sexual assault, aggravated sexual assault, and burglary with intent to commit sexual assault in one trial on three indictments, the San Antonio Court of Appeals found the offenses constituted the "same criminal episode." *See Baker v. State*, 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.). In *Baker*, the three crimes each had a different female victim, and all occurred in the early morning or pre-dawn hours in or near the respective women's homes in the same Hope's Ferry neighborhood in September 1999, July 2000, and August 2000, respectively. *Id*. These commonalities "establishe[d] that the three offenses were a continuing course of sexual assault of women living near Harper's Ferry" or alternatively were similar offenses, "because all three offenses entailed sexual assault or attempted

8

sexual assault." *Id.* Thus, the various offenses were part of the same criminal episode. *Id*;[10] *see also Casey v. State*, 349 S.W.3d 825, 831 (Tex. App.—El Paso 2011, pet. ref'd) (five allegations of indecency with child and allegations of aggravated sexual assault of child, continuous sexual assault of child, and aggravated sexual assault of second child reasonably construed as same criminal episode); *Malone v. State*, 163 S.W.3d 785, 804 (Tex. App.—Texarkana 2005, pet. ref'd) (aggravated sexual assault, sexual assault, and indecency against same child deemed same criminal episode); *Diaz v. State*, 125 S.W.3d 739, 742 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (three counts of aggravated sexual assault and one of indecency with a child, all committed against defendant's son and daughter, were "repeated commission of acts similar in nature"—i.e., numerous incidents of placing his sexual organ in the mouths of both complainants and touching of both childs' anuses during the same periods of time "constitute[d] a criminal episode and were properly joined.").

For these reasons, we sustain Nelson's point of error. We will modify the trial court's judgment by deleting the cumulation order.

## III.    Trial Court Erred to Assess Court Costs

In his last point of error, Nelson argues the trial court erred by imposing court costs for this case, where Nelson was prosecuted in a single criminal action for five offenses. The State agrees this was error. As a result, we will strike the imposition of court costs from the judgment in this case.

---

[10]*Baker* held that the trial court's cumulation order was not allowable. The opinion is silent on whether all stacking orders were void or just the one stacking the burglary with intent to commit sexual assault, which is not one of Section 3.03(b)'s exceptions. The case is clear in its determination that the three crimes were part of the same criminal episode.

9

The bill of costs for this case assessed court costs of $274.00. Even so, the bill of costs in cause number 06-18-00132-CR, tried concomitantly with this case, also assessed $274.00 in court costs. Article 102.073 of the Texas Code of Criminal Procedure provides:

(a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

(b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

(c) This article does not apply to a single criminal action alleging only the commission of two or more offenses punishable by fine only.

TEX. CODE CRIM. PROC. ANN. art. 102.073; *see also Hurlburt v. State*, 506 S.W.3d 199, 203–04 (Tex. App.—Waco 2016, no pet.) (holding that where defendant was convicted on four indictments, each alleging aggravated sexual assault of a child and all joined and tried in one proceeding, court costs only authorized on one of the actions, and court costs for other three actions deleted). "Thus, we presume that the Legislature, in using the phrase, 'in a single criminal action' in article 102.073(a), meant the phrase to be interpreted as 'allegations and evidence of more than one offense . . . [which] are presented in a single trial or plea proceeding' as stated in *Pharr*[ *v. State*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995) (per curiam)]").

For that reason, we sustain this point of error and delete the order of court costs in the trial court's judgment and bill of costs.

10

## IV.    Conclusion

We modify the judgment in this case to provide that this sentence will run concurrently, not cumulatively, with the sentences in the four companion cases, and we strike imposition of court costs in this case.  With the noted modifications to the trial court's judgment, we affirm the trial court's judgment.


                                        Scott E. Stevens
                                        Justice


Date Submitted:    May 8, 2019
Date Decided:      June 17, 2019

Do Not Publish

11