**DENIED and Opinion Filed May 25, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00068-CV**

## IN RE WILLIAM SEDRIC AUTREY, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-81194-10**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Miskel
Opinion by Justice Miskel

In this original proceeding, relator William Sedric Autrey petitions for a writ of mandamus to compel the trial court to delete a cumulation order requiring him to serve four consecutive life sentences on four convictions for engaging in organized criminal activity with the life sentences starting after he serves seventy-five years for a separate aggravated robbery conviction. Relator contends that because the four offenses arose out of one criminal episode tried together in a single trial, the sentences must run concurrently. *See* TEX. PENAL CODE §§ 3.01(a), 3.03(b), 71.02; *see also Parfait v. State*, 120 S.W.3d 348, 350 (Tex. Crim. App. 2003); *Mayo v. State*, 321 S.W.3d 576, 583 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

To obtain mandamus relief, relator must show (1) he has no adequate remedy at law and (2) he seeks to compel a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). Relator cannot make either necessary showing.

A defendant subject to an invalid cumulation order has adequate legal remedies. The defendant may request reformation of the judgment to delete the invalid cumulation order on direct appeal. *See Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017). If the defendant fails to raise the issue on direct appeal, it is waived and may not be raised in a post-conviction application for writ of habeas corpus. *Id*. at 348–49.

If the defendant does not address the error on direct appeal, he may still obtain relief if the error arises from a clerical error in the judgment. The defendant may obtain relief by filing a motion for judgment nunc pro tunc. *Id*. at 347; *see also Ex parte Madding*, 70 S.W.3d 131, 135 n.8 (Tex. Crim.App. 2002) (explaining that judgments nunc pro tunc may be used to correct clerical errors in judgment but not errors resulting from judicial reasoning).

Another potential legal remedy is to file a post-conviction application for writ of habeas corpus complaining not about the cumulation order itself, but rather about ineffective assistance of trial and/or appellate counsel for failing to object to the invalid order and/or raise it on appeal. *See Ex parte Reed*, 664 S.W.3d 109, 110 (Tex. Crim. App. 2022).

In this case, relator appealed his convictions for engaging in organized criminal activity, but voluntarily dismissed his appeal without requesting reformation of the judgment to delete the cumulation order. *See Autrey v. State*, No. 05-14-01381-CR, 2015 WL 5883730, at \*1 (Tex. App.—Dallas Oct. 8, 2015, no pet.) (mem. op., not designated for publication). Therefore, he has waived any error. *See Carter*, 521 S.W.3d at 347; *see also, e.g., Mayo*, 321 S.W.3d at 583 (deleting invalid cumulation order on direct appeal).

As we have already concluded on relator's previous mandamus case, relator is not entitled to seek a judgment *nunc pro tunc* because the error he seeks to address is a judicial error and not a clerical error in the judgment. *See In re Autrey*, No. 05-22-01009-CV, 2022 WL 5113123, at \*1–2 (Tex. App.—Dallas Oct. 5, 2022, orig. proceeding) (mem. op.). In his appendix, relator includes an excerpt from the reporter's record of his sentencing hearing where the trial court made a judicial decision to stack relator's sentences. Because the error is judicial in nature, relator cannot obtain redress by seeking nunc pro tunc relief in the trial court. *See Madding*, 70 S.W.3d at 135 n.8; *In re Melton*, 478 S.W.3d 153, 156–57 (Tex. App.—Texarkana 2015, orig. proceeding) (explaining proper use of judgment *nunc pro tunc*).

Moreover, because the trial court would need to exercise judicial reasoning to overturn the cumulation order, it has no ministerial duty to perform. *See In re State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 SW.3d 207, 210

(Tex. Crim. App. 2007) (orig. proceeding) (ministerial act is one not involving a discretionary or judicial decision).

In a concurrence to an order dismissing an 11.07 application, Justice Womack, joined by two other Justices, wrote: "It is my understanding that our dismissal does not prevent (1) the convicting court's entering a judgment *nunc pro tunc* if there was a clerical error in the entry of the cumulation order or (2) the applicant's seeking relief though a writ of mandamus if there was an error in judicial reasoning and the merits of the issue are beyond dispute." *Ex parte Durham*, No. WR-63,905-13, 2014 WL 2126629 (Tex. Crim. App. May 21, 2014) (Womack, J., concurring statement) (per curiam order dismissing subsequent habeas application).

No court has cited Justice Womack's concurrence. We are unaware of any other authority from the court of criminal appeals indicating that we would have the right to grant mandamus relief to delete an improper cumulation order involving an error of judicial reasoning.

We are aware that this Court and others have concluded previously that addressing an improperly imposed cumulation order falls within the purview of the court of criminal appeals and its authority under article 11.07. *See, e.g., Autrey*, 2022 WL 5113123, at *1–2; *In re McCuin*, No. 05-19-00100-CV, 2019 WL 421681, at *1 (Tex. App.—Dallas Feb. 4, 2019, orig. proceeding) (mem. op.); *In re Colbert*, No. 05-18-00340-CV, 2018 WL 1704149, at *1 (Tex. App.—Dallas Apr. 9, 2018, orig. proceeding) (mem. op.); *In re Guzman*, No. 05-16-01109-CV, 2016 WL 5404625,

–4–

at *1 (Tex. App.—Dallas Sept. 28, 2016, orig. proceeding) (mem. op.); *In re Cornett*, No. 10-22-00191-CR, 2022 WL 2350028, at *2 (Tex. App.—Waco June 29, 2022, orig. proceeding) (mem. op.); *In re Brager*, No. 12-20-00203-CR, 2020 WL 5552618, at *1–2 (Tex. App.—Tyler Sep. 16, 2020, orig. proceeding) (mem. op., not designated for publication); *see also In re Burton*, No. 04-12-00173-CR, 2012 WL 1365747, at *1 (Tex. App.—San Antonio Apr. 18, 2012, orig. proceeding) (mem. op., not designated for publication) (relator not entitled to mandamus relief because relator had legal remedy of challenging cumulation order on direct appeal and failed to raise the issue).

Because it appears relator has not exercised adequate legal remedies, the trial court has no ministerial duty to correct an error of judicial reasoning, and our precedent holds relator's complaint is a matter reserved for the court of criminal appeals and the article 11.07 habeas process, we conclude relator has not shown he is entitled to mandamus relief.

We deny relator's petition for writ of mandamus.

/Emily Miskel/

230068f.p05

EMILY MISKEL
JUSTICE