**Modified and Affirmed and Opinion Filed December 22, 2023**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00868-CR**
**No. 05-22-00869-CR**
**No. 05-22-00870-CR**
**No. 05-22-00871-CR**

**KENNETH SHERMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-54139-M, F20-75847-M, F20-75893-M, F21-75358-M**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Molberg

Appellant Kenneth Sherman appeals his convictions for attempted indecency with a child by sexual contact, two counts of aggravated sexual assault of a child, and indecency with a child by exposure. The trial court accepted Sherman's open pleas of guilty and after considering evidence on punishment, sentenced him to 30 years' confinement for each aggravated sexual assault and 10 years' confinement for each indecency with a child. In five issues, Sherman seeks to modify the judgments

to accurately reflect his convictions, and the State raises three cross-issues also relating to judgment modification. As modified, we affirm the judgments.

## Background

In cause number F20-54139-M, Sherman was indicted for the offense of attempted indecency with a child by sexual contact against a child younger than seventeen. According to the judicial confession, Sherman confessed to that inchoate offense. But according to the final judgment, Sherman was convicted of the underlying offense, indecency with a child by sexual contact, instead of attempted indecency, and the judgment lists the statute for this offense as penal code § 21.11(D).[1]

In cause number F20-75847-M, Sherman was indicted for aggravated sexual assault of a child by causing the sexual organ of a child younger than fourteen to contact his mouth. The judgment of conviction for this offense lists penal code § 22.021(A)(2)(B) as the statute for this offense, and it states the victim was three at the time of the offense.

Similarly, in cause number F21-75358-M (220868), Sherman was indicted for aggravated sexual assault of a child by causing the sexual organ of a child younger than fourteen to contact his mouth on or about April 1, 2020. The judgment of

---

[1] While there is no penal code § 21.11(D), subsection (d) states that an offense under subsection (a)(1) is a felony of the second degree and an offense under subsection (a)(2) is a felony of the third degree.

conviction for this offense, as above, lists penal code § 22.021(A)(2)(B) as the statute for this offense and states the victim was three at the time of the offense.

In cause number F20-75893-M, Sherman was indicted for indecency with a child by exposing his genitals in the presence of a child younger than 17 on or about April 14, 2020. The judgment of conviction lists penal code § 21.11(D) as the statute for this offense and it states the victim was three at the time of the offense.

**Discussion**

Both Sherman and the State seek to modify the judgments before us. We may modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This includes, among other things, correcting offense names and statutes for offenses. *See Jenkins v. State*, No. 05-18-01541-CR, 2019 WL 5304491, at *1 (Tex. App.—Dallas Oct. 21, 2019, no pet.) (mem. op., not designated for publication).

In his first two issues, Sherman argues the judgment in cause number F20-54139-M should be modified to accurately reflect the offense for which he was convicted and the penal code section for that offense. We agree with Sherman. Sherman was indicted for and pleaded guilty to *attempted* indecency with a child by sexual contact against a child younger than seventeen, yet the judgment recites that he was convicted of the underlying offense, indecency with a child by sexual contact. Additionally, the judgment lists the statute for this offense as "penal code

§ 21.11(D)" instead of the statute for criminal attempt, penal code § 15.01(a) ("A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.").

Accordingly, we will modify the judgment to reflect that Sherman was convicted of attempted indecency with a child by sexual contact, and that the statute for this offense is penal code § 15.01(a). *See Parfait v. State*, 120 S.W.3d 348, 351 (Tex. Crim. App. 2003) (concluding a defendant found guilty of criminal attempt is convicted under § 15.01, not the penal code provision of the attempted offense); *Torres v. State*, No. 05-22-00314-CR, 2023 WL 4861780, at *4 (Tex. App.—Dallas July 31, 2023, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect that the statute for attempted indecency with a child by contact is penal code § 15.01(a)); *Sanchez v. State*, No. 05-19-01053-CR, 2021 WL 1940455, at *6 (Tex. App.—Dallas May 14, 2021, no pet.) (mem. op., not designated for publication).

Sherman argues the judgment in cause number F20-75847-M should be modified to reflect the correct statute for the offense of which he was convicted. The parties disagree about the correct statute: Sherman points to penal code § 22.021(a)(1)(B)(ii) while the State argues § 22.021(a)(1)(B)(iii) is correct. We agree with the State. Under penal code § 22.021(a)(1)(B)(iii), a person commits an offense if he, regardless of whether the person knows the age of the child at the time

–4–

of the offense, intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. This is the offense Sherman was indicted for and to which he pleaded guilty. The State further argues the aggravating factor that the victim was younger than 14 years of age should be reflected in the judgment. *See* TEX. PENAL CODE § 22.021(a)(2)(B); *Brennan v. State*, No. 06-22-00134-CR, 2023 WL 2569951, at *2 (Tex. App.—Texarkana Mar. 20, 2023, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect the correct statute, including the aggravating factor, under penal code § 22.021(a)(1)(B)(i), (2)(B)). Again, we agree with the State.

Accordingly, we will modify the judgment in cause number F20-75847-M to reflect that the statute of the offense for which Sherman was convicted is penal code § 22.021(a)(1)(B)(iii), (2)(B).

Sherman makes the same complaint about the judgment in cause number F21-75358-M. In that case, Sherman was indicted for aggravated sexual assault of a child by causing the sexual organ of a child younger than fourteen to contact his mouth on or about April 1, 2020. The judgment of conviction for this offense, as above, incorrectly lists penal code § 22.021(A)(2)(B) as the statute for this offense. We will modify the judgment in this cause to reflect that the statute of the offense for which Sherman was convicted is penal code § 22.021(a)(1)(B)(iii), (2)(B).

Finally, Sherman argues the judgment in cause number F20-75893-M should be modified to correct the listed statute for the offense. In that cause, Sherman was indicted for indecency with a child by exposing his genitals in the presence of a child younger than 17 on or about April 14, 2020. Further, the plea agreement reflects that Sherman pleaded guilty to indecency with a child by exposure. The statute for this offense is penal code § 21.11(a)(2)(A). Yet the judgment of conviction lists penal code § 21.11(D) as the statute for this offense. Accordingly, we will modify the judgment to correctly reflect that Sherman was convicted of an offense under penal code § 21.11(a)(2)(A).

The State raises three cross-issues, seeking to modify three of the judgments to correctly reflect the ages of the victims. *See* TEX. CODE CRIM. PROC. art. 42.01, § 1(27) (judgment shall reflect "a statement of the age of the victim of the offense" in event of "conviction of an offense for which registration as a sex offender is required under Chapter 62"). In cause number F20-75893-M, the judgment states the victim's age at the time of the offense was three. The State points to a search warrant affidavit in the clerk's record identifying the victim in that case, S.W., as follows: "W/F/4." The record, however, does not support the State's issue. Evidence showed the offense was committed April 14, 2020. S.W. testified she was six at the time of the August 12, 2022 hearing and that her birthday was in July. Thus, according to the evidence presented to the trial court, S.W. was three at the time of the offense in April 2020. We overrule the State's first issue.

Second, the State contends the judgment in cause number F20-75847-M should be modified to reflect that victim N. was eight at the time of the offense. The judgment in that cause states the victim's age at the time of the offense was three. N. testified he was ten at the time of the punishment hearing and his birthday was in October 2011. The State relies on the offense date alleged in the indictment—February 1, 2020—to calculate N.'s age at the time of the offense. But the date of the offense alleged in an indictment is not evidence of the date of the offense. *See Vasquez v. State*, No. 05-20-00116-CR, 2022 WL 2951667, at *7 (Tex. App.—Dallas July 26, 2022, pet. ref'd) (mem. op., not designated for publication) (concluding judgment's statement that victim was "< 14 years" constituted "a statement of the age of the victim of the offense" and declining to modify the judgment to reflect a precise age without "conclusive proof of the actual date of the offense"). Without conclusive proof of the offense date, we are unable to determine N.'s age at the time of the offense. However, because N. was ten at the time of the hearing, we will modify the judgment to reflect that he was "< 10" at the time of the offense and not "3."

Finally, the State asks us to modify the judgment in cause number F21-75358-M to reflect that victim P. was seven at the time of the offense and not three as the judgment now states. Evidence showed P.'s birthday was in September 2012 and he was nine at the time of the August 2022 hearing. The State again relies on the offense date alleged in the indictment, April 1, 2020, to determine P.'s age at the

time of the offense. But because the record again offers no conclusive proof of the offense date here, we will modify the judgment to reflect that P. was "< 9" on the date of the offense.

## Conclusion

As modified, we affirm the trial court's judgments.


220868f.u05                      /Ken Molberg/
220869f.u05                      KEN MOLBERG
220870f.u05                      JUSTICE
220871f.u05
Do Not Publish
Tex. R. App. P. 47
220868F.U05



## JUDGMENT

KENNETH SHERMAN, Appellant

No. 05-22-00868-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-75358-M. Opinion delivered by Justice Molberg. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

by removing "22.021(A)(2)(B)" after "Statute for Offense" and replacing it with "22.021(a)(1)(B)(iii), (2)(B)";

and by removing the number "3" from within the sentence, "The age of the victim at the time of the offense was 3 years," and replacing it with "< 9."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 22nd day of December, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

KENNETH SHERMAN, Appellant

No. 05-22-00869-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-75893-M. Opinion delivered by Justice Molberg. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

by removing "21.11(D)" after the phrase "Statute for Offense" and replacing it with "21.11(a)(2)(A)."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 22nd day of December, 2023.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

KENNETH SHERMAN, Appellant

No. 05-22-00870-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-75847-M. Opinion delivered by Justice Molberg. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

by deleting "22.021(A)(2)(B)" following the phrase "Statute for Offense" and replacing it with "22.021(a)(1)(B)(iii), (2)(B)";

and by removing the number "3" from within the sentence, "The age of the victim at the time of the offense was 3 years," and replacing it with "< 10."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 22nd day of December, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH SHERMAN, Appellant

No. 05-22-00871-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-54139-M. Opinion delivered by Justice Molberg. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

by inserting "ATTEMPTED" before "INDECENCY W/ CHILD SEXUAL CONTACT" under the phrase "Offense for which Defendant Convicted";

and by removing "21.11(D)" under the phrase "Statute for Offense" and replacing it with "15.01(a)."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 22nd day of December, 2023.